No. 6030.

LEO VON BRANDENSTEIN v. E. O. EBENSBERGER.

1. FORBEARANCE TO SUE A CONSIDERATION.—An agreement to forbear to prosecute a suit to enforce a well founded claim in law or equity is a sufficient consideration to support a promissory note of the debtor or of a third person, when the creditor, in pursuance with such agreement, has forborne as agreed upon.

2. SAME.—LIMITATIONS OF SAME.—Such forbearance must be in respect of a well founded claim and there must be some person liable to suit therefor.

3. SAME.—Suit upon an account for two hundred and two dollars was brought against an administrator, in a justice's court; the claim had not been verified by affidavit and presented to the administrator for allowance under the statute. An attachment was also sued out and was levied upon the household property of the deceased. The administrator, upon an agreement for the dismissal of the suit and release of the attached property assigned and delivered an obligation to pay the account sued on. Suit was brought upon this obligation. *Held* that there was no consideration for the obligation sued on and the petition showing all the facts, a demurrer thereto should have been sustained.

APPEAL from Kendall. Tried below before the Hon. T. M. Paschal.

This is an appeal from a judgment rendered upon an obligation given by appellant in consideration for the dismissal of a suit and of an attachment levied upon exempt personal property.

The details and facts are given in the opinion.

*F. W. Schweppe*, for appellant: The attempt to collect a claim against an estate of a deceased person without presenting an account to the administrator, and by instituting legal proceedings in the court of a justice of the peace and levying upon property of such an estate, is illegal and tortious in its nature, and the relinquishment of such a proceeding is not an adequate consideration to uphold a contract or the validity of a note. (Rev. Stats., chap. 19, secs. 2010, 2027; Seeligson v. Lewis & Williams, 65 Texas, 215; Wegner Brothers v. Biering

65 Texas, 506; McGowan v. Bush, 17 Texas, 200; Chitty on Contracts, p. 27; 1 Parsons on Contracts, p. 368, note m.)

Where the suit for a certain money demand is founded upon a written instrument, and the defendant properly pleads want of consideration, the burden of proof rests with the plaintiff to make out a clear case of indebtedness, especially where the defendant sought to be made liable is a third party not privy to the transactions. (Rev. Stats., p. 205, art. 1265; 1 Greenlf. on Ev., sec. 74.)

In order to make forbearance of litigation an adequate consideration for the note sued upon it devolved upon plaintiff to produce evidence tending to prove affirmatively that there was some party who could have been sued. (Revised Statutes, chap. 18, art. 1993; 1 Parsons on Con., 368 and note m.)

Misrepresentation and fraud, especially if coupled with inadequate consideration, avoids a contract. (Chitty on Con., 753; 2 Parsons on Con., 263.)

In order to make the administrator of an estate of a deceased individually responsible for a debt of the estate, the evidence to that effect should be clear and positive and nothing should be left to inference. Revised Statutes, chap. 18, art. 1993; Mitchell v. Zimmermann, 4 Texas, 79; 1 Parsons on Con., 368 and note m.)

*W. B. Henderson,* for appellee: The withdrawal of a suit or compromise of litigation is a valid and sufficient consideration for a promissory note or writing obligatory given to effect a compromise of a suit, and the courts will not examine into the nature of the orignal suit for the purpose of setting aside the compromise. (1 Parsons Con., 364; James v. Fulcrod, 5 Texas, 512.)

When a party assumes in writing the debt of another it is not necessary that any consideration should be mentioned in the instrument and the burden of proof rests upon the party alleging fraud or want of consideration. (Ellett v. Britton, 10 Texas, 209; 1 Greenleaf Ev., 5 ed., sec. 74.)

ACKER, JUDGE. Appellee brought suit in the justice's court against the estate of Walz, deceased, of which appellant was administrator. The suit was upon an open account for two hundred and two dollars. A writ of attachment was sued out and levied upon the furniture and household goods belonging

to the Walz estate. Walz left a widow surviving him, who was sister-in-law to appellant. At the time the goods and furniture were seized under the attachment they were stored in a vacant house in the town of Boerne. In consideration that appellant would forbear to further prosecute his suit, and release the furniture and goods from the custody of the officer under the writ of attachment, appellant executed and delivered to appellee the following instrument:

"BOERNE, KENDALL COUNTY, TEXAS, December 26, 1885.

"I, the undersigned, notify hereby that I will pay on or before the first day (1st) of July, 1886, the bill of Dr. Arnold Walz, deceased, ($202) by cash to Mr. C. O. Ebensberger, Boerne.                    LEO VON BRANDENSTEIN."

The goods and furniture were released and delivered to appellant, and the suit in the justice's court was discontinued by appellee. Appellant failing to pay the sum stated in the instrument, this suit was brought in November, 1886. The petition sets out, with great particularity, all the facts constituting the consideration for which the note was executed; the indebtedness of Walz in the sum of two hundred and two dollars on open account; the suit in the justice's court against his estate; the issuance of the writ of attachment, and its levy upon the household goods and furniture. It was not alleged that the account for two hundred and two dollars had been sworn to and presented to the administration for allowance.

Appellant answered by general demurrer, general denial and specially pleaded, under oath, want of consideration. The demurrer was overruled, and the trial was by the court. It appears that the only question inquired into or investigated on the trial was the amount of Walz's indebtedness to appellee at the time of his death. The trial resulted in a personal judgment against appellant for one hundred and two dollars.

There can be no doubt that an agreement to forbear to prosecute a suit to enforce a well founded claim in law or equity is a sufficient consideration to support the promissory note of the debtor, or of a third person, where the creditor has, in pursuance of such agreement, actually forborne. (1 Parsons on Contracts, 462 et seq.; 1 Chitty on Contracts, 35 et seq.)

But, in order to give such agreement the effect stated it must be made in respect of a well founded claim, and there

---

---

must also be some person liable to suit therefor. (Authorities supra.) It appears from the allegations of the petition that the suit that appellee was to forbear to prosecute was brought in a court that did not have jurisdiction of the amount sued for; it was upon a claim that did not appear to have been rejected by the administrator. It is evident from the allegations of the petition that the attachment sued out was levied upon property that was exempt under the laws of this State, and no fact or circumstances is alleged which would relieve the property from the protection of the exemption laws. No suit can be maintained on a claim against an intestate estate until after the claim has been properly sworn to and presented to the administrator and by him rejected. It is clear to us, from the allegations of the petition, that appellee had no such claim, or suit pending, as his forbearance to prosecute would constitute sufficient consideration to support the note sued on, and we think the demurrer should have been sustained. If the suit had been brought upon the note as an original obligation, without reciting the consideration for which it was given, and the facts alleged in the petition had been proven under the plea of want of consideration, the judgment, we think, should have been in favor of appellant.

For the error in overruling the demurrer to the petition we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted June 26, 1888.

STAYTON,
*Chief Justice.*