BASS v. WALLACE et al.   (No. 7450.)

(Court of Civil Appeals of Texas.   Galveston.
Nov. 28, 1917.)

1. TRIAL ⟜365(1)—FINDING OF JURY—CONSTRUCTION.

In suit on a note executed by the president of a corporation, in view of the evidence, the jury's finding that the consideration for the note was "quieting of stock certificates for six months to stifle publicity of affairs of [the president's] company," was to be construed as a finding that the note was executed in consideration of plaintiffs' forbearance to sue the corporation on its contract to repurchase stock from purchasers thereof.

2. BILLS AND NOTES ⟜92(3)—CONSIDERATION FOR NOTE—FORBEARANCE TO SUE.

Plaintiffs' forbearance to sue a corporation on its contract to repurchase stock was a sufficient consideration for a note executed by the

company's president, a large stockholder, who did not desire suit to be brought.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by E. A. Wallace, trustee, and others, against T. H. Bass. From a judgment for plaintiffs, defendant appeals. Affirmed.

C. L. Bass, of San Antonio, and Gill, Jones, Tyler & Potter, of Houston, for appellant. E. A. Wallace, of Cameron, and Woods, King & John, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellee E. A. Wallace, as trustee for several persons named in the petition, to recover upon a note executed by appellant Bass and payable to appellee as such trustee, and to foreclose a lien upon certain shares of capital stock of a corporation, called the Consolidated Company, which stock certificates had been pledged or mortgaged by appellant to secure the payment of the note. The second amended original answer of appellant, among other defenses, alleged that the note was executed for and in consideration of the shares of stock in Consolidated Company held by appellee as security for the note, and that then and since same were worthless, and hence there was no real consideration, and that the consideration has failed.

The only pleadings of appellee, other than the original petition, relating to a consideration for the execution of the note was the third supplemental petition, averring substantially that:

"Consolidated Company, while appellant was president and general manager, contracted with parties for whom appellee sues to buy the stock from them at any time within two years after they bought the stock from Consolidated Company, if they became dissatisfied; and that they, becoming dissatisfied, employed counsel to investigate the management of the company and to institute, if necessary, suit to recover the money they had paid for the stock, and that for the purpose of forestalling an investigation into the affairs of Consolidated Company and of settling a then bona fide controversy between himself and Consolidated Company on one hand and appellees on the other, appellant contracted and agreed with appellees to repurchase the stock and reimburse them for the money appellees paid therefor, and to execute to appellees the note sued on, and that such proposition was accepted by appellant, and that appellant did execute and deliver to appellees the note sued on."

The cause was submitted to a jury in the court below upon special issues. In response to questions submitted by the charge, the jury found: First, that the stock of the Consolidated Company had no value at the time the note sued on was executed; second, that the holders of the stock did not know at said time that it was worthless; third, that the consideration for the execution of the note was "quieting of stock certificates for six months to stifle publicity of affairs of Consolidated Company." Upon this verdict the trial court rendered judgment for appel-

lee against appellant for the sum of $5,346.15, the amount of the principal, interest, and attorney's fees due upon said note, and foreclosing the lien and ordering sale of the stock certificates described in the petition.

The evidence shows that the persons for whose benefit the note sued on was executed by appellant were the holders of shares of stock in the Consolidated Company, the greater portion of the stock of said company being owned by appellant, T. H. Bass, and his brother, C. L. Bass. On the back of each of these certificates of stock was the following printed indorsement:

"Section V, article II, of the by-laws of the company, adopted on the second Monday in July, 1910, are as much a part of this certificate as if fully set forth hereon, and the irrevocable power of voting evidenced by this certificate is hereby reserved and vested in the proxy committee now composed of T. H. Bass and C. L. Bass in accordance with said section V, article II, of said by-laws."

There was also printed in red ink across the face of each certificate the following:

" 'Annual preferred' dividends averaging one (1) per cent. per month upon the par value of said shares shall be paid their holder, out of surplus and net profits, or if none, then out of capital stock, after deducting the par value of all 'preferred'· shares standing issued. 'Ordinary' dividends may be paid upon all 'preferred' and common shares in accordance with the by-laws. If the holder gives this company 60 days' written notice prior to two years after this date, it will then pay the holder the price paid it for shares, same being $10 per share, with 6 per cent. interest a year for two years, less all dividends paid on shares."

No dividends having been paid on this stock, the holders, beneficiaries of the note sued on, within two years from the issuance of the stock, employed appellee E. A. Wallace to enforce their rights under their contract of purchase. In pursuance of this employment Wallace, within two years from the issuance of the stock, notified the company by letter of the demand of said holders for the repayment of the purchase price of the stock in accordance with their contract of purchase. After some correspondence between Wallace and C. L. Bass who was the attorney for the company, it was agreed that appellant T. H. Bass, who was president of the company, would take over the stock and give his note payable in six months, with 8 per cent. interest for the amount paid for the stock by said original purchasers. In pursuance of this agreement the note sued on was executed and delivered by T. H. Bass and the certificates of stock were transferred to him, and he gave a mortgage lien thereon to secure the payment of the note. Under appropriate assignments of error appellant assails the judgment on the ground that it is not supported by the verdict, but is contrary thereto and is without any evidence to support it.

The contention of appellant is that the finding of the jury that the stock had no value at the time the note was executed establishes his plea of want of consideration; no consideration other than the sale of the stock having been found by the jury or shown by any evidence in the case.

[1] We do not think this contention is sound. The finding of the jury that the stock had no value at the time the note was executed is not assailed, and must be accepted as a fact; but this fact does not show that the note was without consideration. The evidence as before stated authorizes the finding that appellant, who was president of the company and a large stockholder therein, either because he believed that the properties held by the company would prove valuable oil lands, and that the stock would become valuable, or for other reasons personal to himself and his management of the affairs of the company, did not desire suit to be brought upon the contract of the company to repurchase this stock, and to prevent the bringing of such suit took over the stock and executed his note for the amount which the company had contracted to pay therefor. In view of all the evidence we think the finding of the jury that the consideration for the note was "quieting of stock certificates for six months to stifle publicity of affairs of Consolidated Company" should be construed as a finding that the note was executed in consideration of the forbearance of the plaintiff to sue the company on its contract to repurchase the stock.

[2] This was a sufficient consideration for the note. Gauss-Langenberg Co. v. Alley, 154 S. W. 1063; Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S. W. 153; Schofield v. Texas Bank & Trust Co., 175 S. W. 506.

We have considered each of appellant's assignments of error, and none of them in our opinion should be sustained. We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied Jan. 10, 1918.