## WILLIAMS v. NATIONAL BANK OF COMMERCE.

No. 3968.

Court of Civil Appeals of Texas. Amarillo.
May 10, 1933.

Rehearing Denied Sept. 13, 1933.

Monning & Akin, of Amarillo, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

HALL, Chief Justice.

The appellee bank sued appellant Williams on a promissory note in the sum of $1,449.66, executed by the defendant, payable to the order of the bank ninety days after date, with interest at 10 per cent. per annum. The note contains the usual stipulation for attorneys' fees.

The defendant answered by verified plea, that the note was executed by him without consideration and as a guaranty for the payment of a past-due note owned by plaintiff which had been executed by J. J. Weiman and Mrs. Jeanette Hartwell, who had received full consideration therefor. That the note sued on was executed purely for the accommodation of plaintiff bank and to enable said bank to satisfy the bank examiner and relieve its officials from criticism, and it was agreed that said bank would not look to or expect defendant to pay said note. It is further alleged that the note was delivered upon the express condition that plaintiff would obtain the signature of J. J. Weiman thereon, which was never done.

By supplemental petition plaintiff denied the facts alleged in the answer and specially pleaded as a consideration for the note that defendant Williams was willing to execute said note and pay the original note for the reason that Mrs. Hartwell, one of the makers of the original note, was afflicted with cancer (which proved fatal soon thereafter). That she had made a will under the terms of which her property would vest in the wife of defendant Williams. That when the note sued on was executed the bank gave defendant credit for the amount thereof. That the defendant then drew a 'check with which he purchased from the bank the original note signed by Weiman and Mrs. Hartwell, at which time it was agreed that the bank should hold the original note as collateral to secure the note executed by defendant. The bank further pleaded that defendant was estopped to assert the defense set up in the original answer for the reason that, but for the fact defendant paid plaintiff for said original note, plaintiff in all probability would have been able to enforce the collection of said original note against Mrs. Hartwell, and because of the execution of the note sued upon plaintiff refrained from enforcing its right against Mrs. Hartwell during her life, thus changing its position to its detriment.

Williams filed a supplemental answer alleging that the act of the bank in giving him credit on its books for the amount of his note, and the issuance by him of his check payable to plaintiff, was a subterfuge and a simulated transaction which did not reflect the true agreement between the parties. That said original note was never assigned, indorsed, or delivered to him. That there could be no estoppel because Mrs. Hartwell was almost dead at the time of said transaction, was mentally and physically incapable of attending to any business, and that she had no property which could have been subjected to the payment of the Weiman-Hartwell note.

After the issues of fact were settled and before the introduction of evidence, the defendant, in the language of District and County Court Rule 31, filed an admission that plaintiff had a good cause of action as set forth in its petition, except so far as it might be defeated in whole or in part by the facts of the answer constituting a good defense which might be established on the trial. This admission, of course, was entered by defendant in order to obtain the right to open and close in the introduction of testimony and in the argument.

In response to special issues submitted to a jury, they found as follows: (1) At and prior to the time the defendant Williams executed the note in suit, the bank, through its officer, Rush, did not agree with Williams that he would not be called upon to pay the note; (2) and did not agree with Williams that he should sign the note for the sole purpose of relieving plaintiff bank from criti-

cism by the bank examiner; (3) that Williams executed the note sued on in consideration of the fact that plaintiff bank would refrain from trying to enforce against Mrs. Hartwell the original note which she and Weiman had signed; (4) that Williams stated to the bank's official, Rush, that he was willing to pay the indebtedness owing to the bank by Mrs. Hartwell and Weiman, for the reason that Mrs. Hartwell was very ill and had made a will devising her property to Williams' wife, and that the note was executed for the purpose of avoiding the necessity of troubling Mrs. Hartwell.

From a judgment entered in accordance with the verdict, Williams has appealed.

In our original opinion we followed the rule as announced in Ferguson v. American Bank & Trust Co. (Tex. Civ. App.) 13 S.W.(2d) 459 (in which a writ of error was refused), and held that appellant's admission under rule 31 constituted an abandonment by Williams of his defenses that the note sued on was without consideration and was executed as accommodation paper, holding, of course, in accordance with that case that such a plea was not one in confession and avoidance. Having so held we did not consider a majority of the remaining propositions urged.

■ Appellant calls our attention to the later case of Central National Bank of Waco v. Lawson, 27 S.W.(2d) 125, in which the Commission of Appeals holds that an admission in the language of District and County Court Rule 31 relates only to matters which the plaintiff must prove in order to sustain his cause of action, and that such admission did not apply to a plea of failure of consideration which included the defense of accommodation maker. This case is the last expression by the Supreme Court upon the question, and, since it is directly in point, we therefore set aside our former holding, and will consider the appellant's assignments of error.

■ By the first proposition, appellant Williams contends that the court should have peremptorily instructed a verdict in his favor or rendered a judgment notwithstanding the verdict, for the reason that the uncontroverted evidence, supported by the pleadings, shows that there was no new and independent consideration for the note sued on, and that defendant executed the same for the accommodation of plaintiff.

The court would have erred in instructing a verdict for either party, even upon these issues. The appellee's contention is that Williams gave the note sued upon as consideration for the original Weiman-Hartwell note. In fact, there are two distinct theories presented by the record in this case, both of which are sustained to some extent by unimpeached evidence, and under such conditions it is not proper for the court to peremptorily instruct the jury for either party.

■ The second contention is that the court erred in submitting to the jury the plaintiff's requested issue No. 1 as follows: "Did the defendant George H. Williams execute the note sued on in consideration of plaintiff's refraining from trying to enforce against Mrs. Jeanette Hartwell payment of the note executed by J. J. Weiman and Jeanette Hartwell?" for the reason that there was neither pleading nor evidence to warrant the submission of such an issue.

Following this proposition it is contended that there was error because the uncontradicted evidence shows that there was no consideration whatever for the note sued on. Under the record a question of fact is presented whether there is any consideration shown by the testimony to the effect that Williams agreed with the officers of the bank that, if they would not sue Mrs. Hartwell or worry her with the matter of collecting the note, he would pay it.

■■ The record seems to disclose without question that the Weiman-Hartwell note had been taken and owned by the bank for months before the note sued on was executed by Williams. The rule is well established that the execution of a note as evidence of a party's suretyship or guarantyship by one who is not a party to the original transaction, after the original contract has been fully executed and delivered, requires a new and independent consideration and without which there is a total want of consideration, and consequently no liability, King v. Wise (Tex. Com. App.) 282 S. W. 570; Jones v. Ritter, 32 Tex. 717; Baker v. Wahrmund, 5 Tex. Civ. App. 268, 23 S. W. 1023; Wise v. Boyd (Tex. Civ. App.) 267 S. W. 543; 6 Tex. Jur. 659–660; Green v. American Refining Properties (Tex. Civ. App.) 22 S.W.(2d) 343; and a party may become liable as surety by a different instrument than the one signed by his principal, 50 C. J. 24 § 27.

■■ The appellant further contends that, because Mrs. Hartwell was dying with cancer and in such a physical and mental condition that she could not discuss business matters with the bank's representative, and for the further reason that the testimony tends to show that her estate was insolvent, there could be no consideration upon the ground of the failure of the bank to collect from her or to file suit on the note.

We think this presents an issue of fact. The law is that refraining from bringing a suit upon an obligation may furnish a consideration for the execution of a different obligation even by a third party. Actual forbearance or the promise to forbear to prosecute a claim is generally held to be a sufficient consideration provided the right to sue exists unless the claim is clearly unenforceable. If the original Weiman-Hartwell note was not a well-founded claim, the record fails to disclose it. If so, an agreement to forbear

prosecuting a suit might be a sufficient consideration to support Williams' note given to induce the bank to refrain from suing. Corcanges, et al., v. Childress (Tex. Civ. App.) 280 S. W. 892, 893; Wells v. Timms (Tex. Civ. App.) 275 S. W. 468; Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S. W. 153.

The bank's theory, supported by some evidence, was that, when Williams gave the note in suit in satisfaction of the Weiman-Hartwell note, the bank agreed to keep the latter note and endeavor to collect something on it. If the jury should accept this theory, of course, the defense of want of consideration and the further defense that Williams was an accommodation maker fails.

The court did not err in submitting special issue No. 2, inquiring whether Williams told the bank's vice president that he was willing to pay the Weiman-Hartwell note, for the reason that Mrs. Hartwell was very ill and had made a will under the terms of which her property would vest in defendant's wife, and that he would make such payment for the purpose of avoiding the necessity of troubling Mrs. Hartwell with reference to her past-due note. There is nothing confusing or duplicitous in the issue as submitted. It calls for a finding by the jury upon an alleged statement made by Williams as to why he would pay the note, and is part of the res gestæ, and an affirmative answer by the jury is tantamount to a finding that he considered the bank's refraining from troubling Mrs. Hartwell in her then dying condition as some consideration for the note which he had executed.

The appellant insists that the court erred in failing to submit to the jury an issue inquiring whether or not there was any new and independent consideration for the note sued on, and in refusing to submit the issue as to whether Williams executed the note sued on for the accommodation of the plaintiff bank.

We sustain these propositions. One theory of the defense urged by Williams is that the bank paid him no consideration for the note sued on, but that he executed and delivered it for the accommodation of the bank. If this contention is true, of course the bank would not be entitled to recover. Williams was entitled to have every separate defense set up in his pleadings, and upon which there was any evidence, submitted to the jury. 24 Tex. Jur. 533–535; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Id., 111 Tex. 461, 240 S. W. 517. The evidence was sharply conflicting upon the issue of whether Williams purchased the Weiman-Hartwell note and gave the note sued on in consideration, or whether the latter note was executed for the accommodation of the bank or to save the bank from being criticized by the bank examiner or to avoid having the bank annoy Mrs. Hartwell with the business. These last issues were submitted, but the court refused to submit the issues of consideration and accommodation, which will require a reversal of the judgment.

The court submitted this issue: "Do you find and believe from the preponderance of the evidence that at or prior to the time the defendant Williams signed the note sued upon, the plaintiff Bank, acting through Avery Rush, agreed with said Williams that he, the said Williams, should sign said note for the sole purpose of relieving the plaintiff Bank from criticism, if any, being made by the Bank Examiner?"

The objection to this issue was that the use of the word "sole" placed an undue burden upon the defendant, and we sustain this contention. If one of the purposes Williams had in signing the note sued on was to relieve the bank from criticism by the bank examiner, then the bank was an accommodated party and such agreement to sign did not have to be exclusively for such purpose, but might have been for the accommodation of a third party. 8 C. J. 260; Farrar v. Gregg, 1 Rich. (S. C.) 378, 380.

It is insisted that the court erred in refusing to permit the officers of the bank to testify as to whether the original transaction leading up to the execution of the Weiman-Hartwell note was closed prior to the time defendant executed the note sued on.

It seems to be conceded that the Weiman-Hartwell note was in existence and was more than three months overdue at the time of the transaction out of which this action arose, and, if the court's ruling was error, it is harmless.

The court erred in refusing to submit to the jury the defendant's special issue No. 3, inquiring as to whether Williams executed and delivered the note to the bank upon condition that plaintiff would procure the signature of J. J. Weiman thereto, because such defense was raised both by the pleadings and the evidence.

The appellee insists that the defendant knew he was purchasing the Weiman-Hartwell note, and that the plaintiff was looking to him for the money, because he testified he knew the bank put the amount of the note sued on to his credit, and that he signed a check for it in satisfaction of the Hartwell note, so far as the bank was concerned.

When read in connection with the other testimony of the defendant, we cannot say that he fully understood the effect of the question and answer, but, if it should prove to be a conflicting statement, the rule is that a jury has the right to believe one part of a witness or party's testimony and reject another. Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502; I. & G. N. Ry. Co. v. Ives, 34 Tex. Civ. App. 49, 78 S. W. 36; Heierman v.

Robinson, 26 Tex. Civ. App. 491, 63 S. W. 657; Young v. Blain (Tex. Com. App.) 245 S. W. 65; G., C. & S. F. Ry. Co. v. Higginbotham (Tex. Civ. App.) 173 S. W. 482; G., H. & S. A. Ry. Co. v. Eckles, 25 Tex. Civ. App. 179, 60 S. W. 830.

The motion is granted, the original opinion is withdrawn, and, for the reasons hereinabove stated, the judgment is reversed, and the cause is. remanded.