## GEORGE et al. v. UNION BANK & TRUST CO. OF FORT WORTH.

### No. 15040.

Court of Civil Appeals of Texas. Fort Worth.

May 6, 1949.

Rehearing Denied June 3, 1949.

M. Hendricks Brown and Wm. B. Townsend, both of Fort Worth, for appellants.

Dave Miller, Mays & Mays, and Chas. Mays, all of Fort Worth, for appellee.

SPEER, Justice.

The Union Bank and Trust Company, a banking corporation, instituted this suit in The County Court at Law of Tarrant County, Texas, against Mary George and her two adult sons, Don George and Mike George, on a promissory note for the principal sum of $417.50, bearing interest at eight per cent per annum and providing for ten per cent attorney's fees. The note was signed by Mary George and endorsed by Don and Mike George. The obligation was payable in installments of $30 each; it contained an accelerating maturity clause.

Defendants answered by general denial and a verified plea of want of consideration. Trial was to the court without a jury and judgment was entered for plaintiff and defendants have appealed.

A single point of error is relied upon for reversal. It reads: "The promissory note upon which the judgment herein is based is unenforceable because it is not supported by valuable consideration."

Nick George, the husband of Mary George and the father of Don and Mike George, owed the plaintiff $417.50, evidenced by one or two notes at the time of his death in January, 1948. The obligation was a community debt. He also owed another creditor. No administration on his estate was pending and none was contemplated. At the time of his death he had $8 on deposit with plaintiff and owned a community homestead. At the date of trial defendant Mary George was living in the home. The record does not show that there was any other property; she said there was none.

At the request of plaintiff the three defendants called at the banking house of plaintiff and after a conference with an official of the bank they said they wanted to pay the indebtedness. Installment terms were agreed upon and they executed the note sued on. The bank officer said he gave them the notes that had been signed by Nick George, deceased, and Mary George said he did not, that she never saw them. The two defendant sons did not testify at the trial.

There are no fact findings or conclusions of law filed by the court. The judgment is in short form, finding the existence of the note and making reference to its terms, and decrees judgment for plaintiff against the defendants for the principal, interest and attorney's fees.

The sole question before us is: Under the facts in this case was there a consideration for the execution by defendants of the note sued on?

It is the universally accepted rule that the forbearance to enforce an existing valid obligation or its cancellation and novation will furnish sufficient consideration for a new obligation by a debtor or by a third person to pay the original debt. Art. 5933, sec. 25, R.C.S.; 31 Tex. Jur. 389, sec. 6; 6 Tex.Jur. 652, secs. 54, 55 and 56; Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S.W. 153; 6 Williston on Contracts, p. 5243, sec. 1866. As applicable to the facts in this case it has been held that there is a valuable consideration for a note executed by the surviving wife for payment of a community debt contracted by a deceased husband when novation of the original community obligation of a husband is shown. Reuter v. Sullivan, Tex.Civ.App., 47 S.W. 683; McFarland v. Shaw, Com'r, Tex.Com. App., 45 S.W.2d 193; Koen v. Gardner, Tex.Civ.App., 178 S.W.2d 173.

The last above announced rule is also applicable to third persons and administrators who execute renewal and extension obligations in lieu of pre-existing obligations of another, even though they were in no way legally or morally bound to pay the original indebtedness. People's State Bank v. Fleming-Morton Co., Tex. Civ.App., 160 S.W. 648; Edwards v. Hatch, Tex.Civ.App., 106 S.W.2d 741; Hester v. Kemper Military School, Tex. Civ.App., 138 S.W.2d 833.

Defendants, appellants here, do not seriously controvert the above announced principles but do insist that the obligation

sued on was without consideration because the release by plaintiff of the deceased's obligation in exchange for the new note wrought no detriment to plaintiff in that its old note was worthless. It is argued that there was no estate left by deceased out of which the old obligation could be collected. However, it is undisputed that deceased had two creditors, and left $8 on deposit in plaintiff bank; that deceased owned a community interest in a homestead, same being occupied by defendant Mary George at the time of trial. It is also undisputed that plaintiff permitted the widow to withdraw the $8 at the time of the execution by her of the renewal note; the plaintiff could have retained this deposit and applied it as a credit on the original debt but for the renewal contract here involved. There is no contention of an inadequate consideration but that there was none. The burden was on defendants to establish their defense. The court found against them.

We think, in view of the undisputed facts and the implied findings of fact by the trial court, the note itself and the existence of at least some estate of the deceased which was permitted to remain in the hands of defendant, a consideration was shown. McFarland v. Shaw, Banking Com'r, Tex.Com.App., 45 S.W.2d 193, 198, approved by the Supreme Court.

Aside from these things if certain contingencies should arise within the limitation period, as discussed in Thompson et al. v. Kay et al., 124 Tex. 252, 77 S.W.2d 201, the property which constituted the homestead might become subject to plaintiff's debt held against deceased. From all the facts and circumstances before us, it cannot be accurately said that defendants affirmatively established upon the trial that plaintiff gave up "nothing" in consideration for the execution by defendants of the note sued on.

The judgment impliedly finds that plaintiff surrendered to defendants the original notes of deceased. This is the only material matter upon which the testimony was in conflict. It will be presumed that the court resolved all conflicts in the evidence in such way as to support the judgment entered.

Defendants apparently predicate their defense in this case upon the holding in Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S.W. 153, and subsequent cases following it. In their oral argument upon submission they insisted that the rule there announced is controlling here. They reason that here, as in the cited case, plaintiff gave up nothing of value and suffered no detriment. We have already referred to what plaintiff in the instant case gave in return for the note sued on. In the cited case plaintiff had sued in a Justice's court on an open account for $202 and caused a writ of attachment to be issued and levied upon exempt property. Administration was pending on the estate of the deceased person who owed the debt. The account was never presented nor rejected by the administrator. Thereafter the administrator obligated himself in writing to pay the debt if plaintiff would dismiss his suit and release the attached property. Plaintiff accepted the proposition, dismissed his suit and released the property. The administrator refused to pay the debt as per his written promise and suit was instituted thereon. The defendant plead want of consideration. The court held there was no consideration for the new written obligation because (a) the plaintiff did not forgive the original account held against deceased, hence there was no novation; (b) there was no detriment to plaintiff shown in forbearing to prosecute a suit on an account against the estate which had not been presented and rejected by the administrator; nor (c) by the dismissal of a suit in a court having no jurisdiction and the release of exempt property from the writ of attachment issued by a court without jurisdiction. The difference between that case and the one at bar is apparent.

Under the facts of this case and the cited authorities, we conclude that the trial court did not commit reversible error in entering judgment for plaintiff as against defendants' plea of want of consideration. The judgment is affirmed.