Laura ZAX, Appellant,

v.

COAST PROPERTIES COMPANY, Appellee.

No. 4557.

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1967.

Rehearing Denied Feb. 9, 1967.

Aaron Hessel, Jay D. Hirsch, Leon Weisberg, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, St. John Garwood, Jr., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant, Laura Zax, from a judgment for plaintiff, Coast Properties, in a suit on a note.

Defendant Laura Zax owned ¼th the stock, and her children, Robert Zax, Phyllis Zax Holland and Leonard Holland, owned ¾ths of the stock in Dixie Glass Company, Inc. In 1952 Laura Zax married Harry Pollock, and afterwards Pollock was employed by Dixie as Comptroller, pursuant to an employment contract. Thereafter Dixie terminated Pollock's employment, and in 1956 Pollock sued Dixie for wrongful termination of the employment contract, and recovered judgment for some $100,000. The judgment was reversed and remanded by the Court of Civil Appeals. On August 1, 1961 Laura Zax and Harry Pollock separated from each other. On August 22, 1961 Harry Pollock settled his suit against Dixie for $7500 cash, and a note for $17,500 executed by Dixie Glass Company, Inc., and endorsed by all of the stockholders, including his wife, defendant Laura Zax Pollock. On January 16, 1962 defendant Laura Zax Pollock and Harry Pollock signed a property settlement agreement as a part of their divorce (which was granted on such date) as follows:

"* * * Laura Zax Pollock does release any claim or right which she may have in and to the proceeds of any funds which Harry Pollock shall receive as a result of that note executed by Dixie Glass Company *and guaranteed by various individuals, including the undersigned Laura Zax Pollock,* and agrees that she will make no claim whatsoever for any portion of the proceeds thereof * * *."

Dixie paid the note down to $9386.46, and thereafter defaulted. Pollock assigned the note to plaintiff Coast Properties Company. Plaintiff filed suit on the note against Dixie and the stockholder endorsers. Defendant Laura Zax answered by pleas of coverture and no consideration.

Trial before the court without a jury resulted in judgment for plaintiff on the note against Dixie Glass Company and all stockholder sureties. Laura Zax only appeals.

The trial court filed Findings and Conclusions summarized as follows:

### FINDINGS OF FACT

1 & 2. Plaintiff Coast Properties is a corporation. Defendant Laura Zax is a single woman.

3. Laura Zax married Harry Pollock in 1952; and they were divorced January 16, 1962.

4. Laura Zax owned ¼th of the stock of Dixie Glass Company.

5. On August 1, 1961 Laura Zax and Pollock permanently separated from each other with the intention of becoming divorced, and did not thereafter live together. Laura Zax executed the note on August 22, 1961.

6. Laura Zax executed the note to improve the value of her stock interest in Dixie, by inducing Harry Pollock to settle his pending lawsuit against Dixie.

7. Pollock would not have accepted the note had Laura Zax not signed same.

8. On January 16, 1962 Laura Zax executed a written property settlement agreement with Harry Pollock which

was confirmed as part of their divorce.

9. Pollock sold the note to plaintiff.

## CONCLUSIONS OF LAW

1. Laura Zax was married to Harry Pollock on the date she executed the note sued on.

2. Laura Zax was disabled by coverture when she signed the note, regardless of the fact she was permanently separated from Harry Pollock.

3. Laura Zax's stock interest in Dixie Glass was her separate property.

4. Laura Zax received valuable consideration for executing the promissory note, as surety for Dixie Glass.

5. Laura Zax is estopped to deny she received consideration for her signature.

6. The note as to Laura Zax was not void, but a voidable obligation, which she had the right to reject or affirm.

7. By executing the property settlement agreement with Harry Pollock, Laura Zax ratified her prior execution of the note and is barred from thereafter asserting her defense of coverture. Defendant Zax appeals on 6 points, contending:

1) There is no evidence to support Findings of Fact 5 and 6, and same are against the great weight and preponderance of the evidence.

2) The trial court erred in Conclusions of Law 4, 6 and 7.

Plaintiff by cross point contends that coverture is not available to defendant as a defense.

Finding of Fact 5 was that on August 1, 1961 Laura Zax permanently separated from her husband with the intention of becoming divorced, and did not thereafter live with her husband. Laura Zax filed suit for divorce against Pollock, in which her petition stated she and Pollock lived as husband and wife until August 1, 1961, when they separated and that they have not lived as husband and wife since such date. Laura Zax testified the foregoing were the facts.

Finding of Fact 6 was that Laura Zax executed the note to improve the value of her stock in Dixie Glass, by inducing Pollock to settle his lawsuit against Dixie. Laura Zax owned a ¼ of the stock of Dixie as her separate property. Pollock had a claim against Dixie upon which he had gotten a $100,000 judgment, but which judgment had been reversed and remanded. Prior to retrial, settlement was made by Dixie with Pollock for $25,000. From such facts the trial court had a right to conclude that Laura Zax executed the note to improve the value of her Dixie stock.

Conclusion of Law 4 is that Laura Zax received valuable consideration for signing the Dixie note as a surety. Laura Zax owned ¼th of the stock of Dixie. Where an officer or stockholder of a corporation endorses a corporation's note, the stockholder or officer is denied the status of accommodation endorser, and such interest constitutes consideration to the endorser. Bonner Oil Co. v. Gaines, 108 Tex. 232, 191 S.W. 552; Commercial Inv. Co. of Uvalde v. Graves, CCA, Er. Ref., 132 S.W.2d 439; Motor & Indus. Finance Corp. v. Hughes, 157 Tex. 276, 302 S.W.2d 386; Otto v. Republic National Co., CCA, Er. Ref., 173 S.W.2d 235; Robertson v. City Nat. Bank, 120 Tex. 226, 36 S.W.2d 481.

Conclusion of Law 6 is that the note as to Laura Zax was voidable, and she had the right to ratify; and Conclusion 7 is that in executing the property settlement with Pollock she ratified the prior agreement. The settlement agreement quoted supra, assigns all Laura Zax's interest in the note to Pollock (she had a community ½ interest); and recites that same had been "guaranteed by various individuals, including the undersigned Laura Zax."

We think the property settlement agreement sufficient to constitute a ratification of Laura Zax's prior endorsement.

Plaintiff's cross point is that coverture is not available to defendant as a defense.

Defendant's endorsement of the note was in connection with and incident to her separate property. The defense of coverture is not available to defendant Laura Zax. Archer v. Griffith, Sup.Ct., 390 S.W.2d 735; Cauble v. Beaver-Electra Ref. Co., 115 Tex. 1, 274 S.W. 120.

Defendant's points and contentions are overruled.

Plaintiff's cross point is sustained. The judgment is correct.

Affirmed