**Miles F. WORTHAM, Appellant,**

v.

**LAKE JACKSON STATE BANK, Appellee.**

**No. 177.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 4, 1968.

Rehearing Denied Dec. 18, 1968.

Robert H. Fisher, Carl, Lee & Fisher, Houston, for appellant.

Madison Wright, Lake Jackson, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by Lake Jackson State Bank, appellee, against Miles F. Wortham, appellant, on a promissory note. The particular note on which this suit was brought was in the sum of $2,750.00, was dated August 15, 1966, and was signed by the appellant, Wortham. The case was tried before the court without a jury and the trial court rendered judgment on the note for the appellee, Lake Jackson State Bank.

The note on which this suit was brought was the last in a series of renewal and extension notes given by the appellant, Wortham. This note, and all of the intervening notes in the series were signed by Wortham. Each note was paid by Wortham except the last on which suit was brought. The first in the series of renewal and extension notes was signed by Wortham, was in the sum of $7,250.00, and was dated March 14, 1964. This original note in the series was given in renewal and extension

of a balance of $7,250.00 owing on the indebtedness of Fuller Toys, Inc., a corporation, to the appellee bank. The original indebtedness of Fuller Toys was evidenced by a $10,000.00 promissory note which was signed by its president, W. A. Fuller, only. Wortham had agreed to endorse the Fuller Toy Corporation note but did not do so.

At the time the original note of Fuller Toys, Inc. was given to the bank, Wortham was a director and stockholder of Fuller Toys. The day before the corporation's note was given, Wortham wrote the bank and stated that he would personally endorse the Fuller Toy corporation note. His letter to the bank stated that he would sign the note the following week when he returned from Oklahoma City. Wortham did not subsequently sign this note, however, and it therefore bore only one signature, that of W. A. Fuller, as the corporation's president. Thereafter, the amount due on the note was reduced from $10,000.00 to $7,250.00 by payments made by the corporation.

The Fuller Toy corporation note subsequently became delinquent. Wortham was called on by the bank to fulfill the obligation of the corporation by paying the current interest and executing a renewal and extension note in the sum due. Wortham responded by paying the interest due and by signing and delivering the first in the series of renewal and extension notes.

Appellant brings three points of error, the first being, "The trial court erred in rendering judgment on the promissory note." While this point falls short of directing the attention of the court to the particular error relied upon it is determined from the ensuing argument and response thereto that appellant's essential contention is that of failure of consideration. It will be so considered.

■ First, we determine that there was ample consideration for the agreement of Wortham to endorse the corporation's note as his letter to the bank promised. It has been heretofore determined that a stockholder who personally endorses his corporation's note thereby securing a loan for such corporation derives a substantial benefit and good consideration therefor. Motor & Industrial Finance Corp. v. Hughes, 157 Tex. 276, 302 S.W.2d 386; Martin v. Fannin Bank, Tex.Civ.App., 389 S.W.2d 724, no writ hist.; Zax v. Coast Properties Co., Tex.Civ.App., 411 S.W.2d 370, writ ref., n. r. e. "When a director or stockholder signs the corporation's paper for the protection of his interest therein, he cannot claim to be an accommodation endorser or maker * * *." (citing authorities), Otto v. Republic Nat'l Co., 173 S.W.2d 235, writ ref.

Here Wortham was a director of Fuller Toys corporation. He was also a stockholder and owned at least 50% of the shares of the corporation. Wortham was in no sense a stranger to the original transaction; he had prior knowledge of the authorization for the corporation to secure the loan.

■ We secondly determine that there was good and valuable consideration for the execution by Wortham of the original renewal and extension note that he signed personally. At the time that this occurred, it is apparent that the bank had two viable causes of action. First the bank had a cause of action against the appellant Wortham for failure to endorse the corporation note. Second, the bank had a cause of action against the corporation on the note itself because of its delinquency. Both of these causes of action were relinquished by the bank in consideration of the execution by Wortham of the first extension and renewal notes.

■ It has long been true that an agreement to forbear the enforcement of a well founded claim is consideration to support a promissory note of the debtor or of a third person. Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S.W. 153. "The law is that refraining from bringing a suit upon an obligation may furnish a consideration for the execution of a dif-

ferent obligation *even by a third party.*" (Emphasis added). Williams v. National Bank of Commerce, Tex.Civ.App., 62 S.W. 2d 1108, 1110, rev'd on other grounds, National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691. See Ramey v. Young, Tex.Civ.App., 327 S.W.2d 772, no writ hist. We have no difficulty in determining that there was ample consideration for the execution of the original extension and renewal note, and therefore for all of those, including the note sued on, that followed.

With this determination it is not necessary that consideration be given to the remaining points of error and they are overruled. The judgment of the trial court is affirmed.

Judgment rendered.