**BURGESS et al. v. HATTON et al.**
No. 4495.

Court of Civil Appeals of Texas. Beaumont.
Jan. 29, 1948.
Rehearing Denied Feb. 18, 1948.
Writ of Error Refused April 7, 1948.

O'Fiel & O'Fiel, of Beaumont, for appellants.

DeWitt C. Bennett, of Orange, and Murray McCoy, of Houston, for appellees.

COE, Chief Justice.

This is a suit in trespass to try title brought by appellees, Amanda Hatton and husband, J. J. Hatton, as plaintiffs against J. W. Burgess, Virgie Faries, Robert Faries, Rosa Woosley, a feme sole, Ruth Cochran, a feme sole and Lee Burgess as defendants, to recover title and possession to a tract of land described in the pleadings situated in Orange County, Texas. Lee Burgess filed a disclaimer, the other named defendants answered by a general denial and plea of not guilty, and by special pleadings setting up that the appellee, Amanda Hatton, on the date of the deed was a married woman, being married to J. J. Hatton, and because of such coverture she was unable to enter into the contract forming a part of the consideration for the deed under which they claim title to the land in controversy, and specially denying that the cash consideration recited in the deed was in fact paid at the time of the execution or at any other time; that the condition precedent as set forth and described in said deed was not performed and, therefore, no title ever vested in the said Amanda Hatton in and to the said land, and therefore the defendants were owners in common with the said Amanda Hatton of the land and premises, each owning an undivided interest therein, and prayed for a partition of said land.

After the reading of the pleadings to the jury, and before the introduction of any testimony, the appellants who were defendants in the trial court announced to the trial court that they withdrew their plea for affirmative relief, asking for a partition of the property in controversy. At the conclusion of the plaintiffs' evidence, the defendants announced to the court that they rested their case whereupon both plaintiffs and defendants filed motion for an instructed verdict. The record shows that the motion for an instructed verdict made by appellants was overruled. A docket entry made by the trial court, as reflected by the transcript, shows that the motion of the appellees for an instructed verdict was granted. However, no instructions by the court to the jury are included in the transcript and no verdict of the jury is contained therein, however judgment was entered on the same day for the plaintiffs for the land sued for. We assume that the trial court in fact withdrew the case from the jury and entered judgment for the plaintiffs. From that judgment the appellants have, in due manner and form, perfected their appeal.

By appellants' first point, they contend that the instrument relied upon by appellees to pass title being testamentary in character and not having been admitted to probate was and is insufficient to pass title to Amanda Hatton. By their second point they complain of the action of the trial court in instructing a verdict for appellees and against appellants for the reason that on the date of the alleged conveyance by Sam Burgess and wife, Mary Burgess, to Amanda Hatton the evidence conclusively shows that the property in question was the homestead of Sam Burgess and Mary Burgess and not being shown in the evidence that Mrs. Mary Burgess, wife of Sam Burgess, was examined separately and apart from her husband in accordance with the provisions of Texas Statutes providing for the conveyance of homestead of the wife, and that said evidence went only to show a void deed; third that the trial court erred in instructing a verdict for appellees for the reason that the deed or instrument under which the appellees allegedly claimed was an executory contract and appellees failed to show performance of the terms and conditions of said executory contract so as to mature and vest title in appellees under such instrument; fourth that the trial court erred in instructing a verdict for appellees for the reason that the proof showed that appellees admitted title to a portion of or an interest in said land in appellants as well as the other co-

heirs of Sam Burgess and Mary Burgess, and fifth such action of the trial court was error for the reason that the instrument under which they claim title was void in that the said Amanda Hatton, being a feme covert residing with her husband at the time, was not entitled to and could not bind the community estate of herself and J. J. Hatton to the performance of conditions which would cause the title to said land to vest in Amanda Hatton as her separate estate since her husband, J. J. Hatton, did not act for or did not join in or authorize his wife to so act and that the matter about which said contract was allegedly made not being necessaries.

We find ourselves unable to agree with the appellants in either of the contentions here made. It was agreed by the parties in the trial of the cause that Sam Burgess and wife, Mary Burgess, was the common source of title and were the parents of the parties to the suit; that each party shall be allowed to read from the record or any record of the County Clerk and District Clerk of Orange County, Texas, and agree to the introduction of such record without the filing of notice and other formalities required before the introduction of secondary evidence in any recorded fact. It was further agreed that all such parties shall and do reserve the right to object and except to the introduction of such instruments or the record thereof, save and except insofar as the formalities concerning proof of execution, acknowledgment and record. It was further stipulated between the parties that Sam Burgess and Mary Burgess were married but one time and then to each other, and that each died intestate without leaving a will and that there were born of such marriage nine children to-wit:

J. W. Burgess,

Amanda Hatton, the wife of J. J. Hatton,

Will Burgess, who was predeceased by his father, Sam Burgess, but who predeceased his mother, Mary Burgess, leaving one child, Mrs. Thelma Stanfield, wife of Henry Stanfield,

That Will Burgess was married but one time and then to the mother of Thelma Stanfield and died intestate. That Thelma Stanfield had parted with her interest in the land in controversy to Amanda Hatton.

Laura Hollis wife of Carol Hollis. She has parted with her interest in the land in controversy to the plaintiff, Amanda Hatton.

Joe Burgess now deceased and who died intestate and who was married but one time and that there was issue of his marriage two children, to-wit: Lee Burgess, who has entered a disclaimer in this suit to his part, and Mrs. Ruth Cochran, a feme sole. That Joe Burgess died intestate.

Mrs. Addie Turner, whose interest in the land in controversy had been acquired by plaintiffs in this suit.

Mrs. Virgie Faries, wife of Robert Faries; and Gussie Parrish, the wife of J. M. Parrish, the latter of whose interest in the land in controversy has been acquired by Mrs. Amanda Hatton.

Mrs. Rosa Woosley with Mrs. Addie Turner, one of the daughters of Sam Burgess and Mary Burgess, is deceased, but that before her death her interest in the land in controversy was acquired by the plaintiff, Amanda Hatton.

That Sam Burgess died about September 4, 1923, and Mary Burgess died, without ever having remarried, about January 20, 1938.

Appellees offered in evidence a deed dated the 7th day of August, 1923 from Sam Burgess and Mary Burgess, husband and wife, conveying to appellee the land here in controversy. This deed shows to have been acknowledged in due form as required by law by Sam Burgess and Mary Burgess before A. H. Coale, County Clerk in and for Orange County, Texas, on the 7th day of August, 1923, and was filed for record with the County Clerk of said County on the following day and was recorded by said clerk on August 9, 1923. Said deed insofar as it effects the land in controversy is as follows:

"State of Texas
County of Orange

Know All Men By These Presents: That we, Sam Burgess and Mary Burgess, husband and wife, of the County of Orange, State of Texas, for and in consideration of the sum of One and No/100 ($1.00) Dollars to us in hand paid by our daughter, Amanda Hatton, and for the further consideration that the said Amanda Hatton live with us

and care for us and attend to our wants and manifest from this time on, as heretofore, her love and devotion to us as a daughter, as long as both us shall live, have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey unto the said Amanda Hatton, for her own separate use and benefit, all that certain tract of land in Orange County, Texas, a description of the land in controversy here follows. Also a transfer of interest in certain livestock which we·need not set out. The deed contains the following reservation: "But we reserve the right to live upon and occupy as our home the land herein described, and we reserve the right to control, use and enjoy the same and have the income therefrom so long as we live, but when we are both dead then this deed shall become absolute and all rights thereto vest in Amanda Hatton". Then follows the usual general warranty clause.

■ We see nothing in this deed to support appellants' contention that the same is testamentary in character and therefore insufficient to pass title to Amanda Hatton. To our mind it is simply the usual deed transferring the legal title, reserving to the grantors therein a life estate. It was effective to vest in Amanda Hatton the legal title to the land and premises therein described with her right of possession deferred until the death of both of the grantors.

■ The record does not support appellants' contention, under its second point, to the effect that Mrs. Mary Burgess did not properly acknowledge the deed as a married woman. The acknowledgment is in due and regular form for a married woman's acknowledgment. The other contentions seem to be that at the time it was offered in evidence there was no separate offer made of the acknowledgment and therefore such acknowledgment is not in the record and constitutes no part of the evidence. This contention is entirely too technical to be sustained. The acknowledgment to a deed, especially the acknowledgment of a married woman, is a part of the deed itself. The statement of facts as approved by the trial court contains the acknowledgment of Mrs. Mary Burgess as a part of

the deed offered in evidence, and therefore is considered by us as showing that both Sam Burgess and Mary Burgess properly acknowledged the deed in question. We see no merit in appellants' third point to the effect that the deed was an executory contract and appellee failed to show a performance of the terms and conditions of said contract so as to mature and vest title in appellee under such instrument. The deed in question recites the cash consideration of One Dollar and certain services to be rendered by grantee, Amanda Hatton. It seems to be well settled that when a deed conforms to the requirements of the Statutes and purports to be an executed conveyance, its delivery has effect, as between the parties, to vest title in the grantee in all respects the same as when there is no consideration for the conveyance as when there is one. It is also the settled rule that an obligation to furnish a home and maintenance for the grantor during his life constitutes a valuable consideration for a deed. The mere fact that there is a failure on the part of the grantee to perform the purposes which form the consideration is not a cause for setting aside the instrument in the absence of fraud or other grounds for equitable relief. Also, that the want or failure of consideration is in itself ordinarily no grounds for the voidance of an executed deed. Fraud or undue influence in obtaining the instrument must also appear. See 14 Texas Juris., p. 802 et seq., Sections 45, 48, 50 and 51, and cases there cited. The authorities cited by appellants have to do with the executory contracts and not to consideration for a deed of conveyance, and do not support the contentions made.

■ We do not feel that the agreement entered into by the parties in the trial of this case to the effect that appellee had acquired title to the interest of certain brothers and sisters of appellants to the land in controversy should be construed as an admission of title to any interest in the land by appellants. There is nothing in said agreement to indicate what interest appellee had acquired from the parties named in the agreement or from what source such parties acquired an interest in the land, if any. In any event the agreement as made

should not be construed as an admission by appellees of title in appellants to any interest in the land sued for. We see no merit in appellants' contention that Amanda Hatton was a married woman, living with her husband at the time she received the deed in controversy, and not being joined in anyway by her husband, renders such deed null and void. What we have said in discussing appellants' first point also applies here. In addition thereto it seems to be reasonably well settled in this State that an executory contract of a married woman is not void, but merely voidable and then only at the option of the married woman, and that the plea of coverture is one of personal privilege available only to her and only at her option. Ellis v. Eden-Burch Lumber Co., Tex.Civ.App., 179 S.W.2d 233 and cases there cited.

Being convinced that no error has been shown in the judgment of the trial court, same is affirmed.