Kevin JOHNSON, Nona K. Roberts, Thurman Johnson, William Johnson, and Geraldine Johnson, Appellants,

v.

Melvin McCLINTOCK, Appellee.

No. 13–05–00359–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 29, 2006.

Rehearing Overruled Oct. 12, 2006.

Jenny Nguyen, Walter Law Firm, P.C., Teri A. Walter, Houston, for appellants.

Tamika Craft Demming, Demming Law Firm, for appellee.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Appellants, Kevin Johnson, Nona K. Roberts, Thurman Johnson, William John-

son, and Geraldine Johnson, appeal the trial court's finding that under the five-year statute, appellee, Melvin McClintock, adversely possessed certain property in Wharton County, Texas. In one issue, appellants contend the evidence is legally insufficient to support the trial court's finding of adverse possession. We reverse and render.

## A. FACTUAL AND PROCEDURAL BACKGROUND

Anne Stevens owned the following three tracts of land in Wharton County: (1) Lot 5A, (2) Lot 3, and (3) Lot 3A. In 1993, Stevens was declared incompetent, and Mabel Davis was named guardian of her person and estate. In 1994, Davis asked the probate court for permission to sell Lot 5A to appellee. Appellants contested the sale, and the probate court denied Davis's request.

On February 25, 1994, without consulting the probate court, Davis executed a quitclaim deed purporting to transfer Lot 3A to appellee and his wife. A year later, on March 19, 1995, Davis executed another quitclaim deed purporting to transfer Lot 3 to appellee's wife. Stevens died on June 19, 1995. From 1994 to 2005, appellee paid off a lien that the Department of Housing and Urban Development ("HUD") had placed on the property, paid taxes on the property, and executed a gas, oil, and mineral lease on the property. Throughout this period of time, appellants were aware of appellee's use of and dealings with the land.

After paying off the HUD lien in 2003, appellee filed suit to quiet title to the property. In response, appellants demanded that appellee vacate the property and filed a trespass-to-try-title counterclaim. After a bench trial, the trial court found that, under the five-year statute, appellee had adversely possessed Lots 3 and 3A. After the trial court denied their motion for new trial, appellants filed this appeal.

## B. STANDARD OF REVIEW

■ An appellant may challenge a trial court's findings of fact for legal sufficiency; we review those findings under the same legal standard that we apply to the review of jury findings. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002); *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). In reviewing the legal sufficiency of the evidence, we view all the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005). We will sustain a legal sufficiency point if the record reveals the following: (a) the complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810. The fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See id.* at 819.

## C. ADVERSE POSSESSION UNDER FIVE-YEAR STATUTE

Appellants contend the trial court erred in finding that appellee adversely possessed Lots 3 and 3A, because appellee did not satisfy all the elements of the five-year statute.

Section 16.021 of the Texas Civil Practice and Remedies Code defines adverse possession as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim

of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (Vernon 2002); *Clements v. Corbin*, 891 S.W.2d 276, 278 (Tex.App.-Corpus Christi 1994, writ denied). To establish adverse possession under the five-year statute:

(a) A person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who:

(1) cultivates, uses, or enjoys the property;

(2) pays applicable taxes on the property; and

(3) claims the property under a duly registered deed.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.025(a) (Vernon 2002).

Appellants contend that appellee did not satisfy the third element of the statute. They assert that because a quitclaim deed only transfers the rights that the transferor possesses, and Davis, as grantor, did not have the right to transfer Stevens' property, appellee did not present evidence at trial of a duly registered deed.

Generally, "an instrument which purports to convey such right, title, and interest as a grantor may have and no more will not qualify as a deed under the statute as it does not purport to convey the land itself nor does it specify any particular interest which is purportedly conveyed." *Porter v. Wilson*, 389 S.W.2d 650, 654 (Tex.1965); *see Rogers v. Ricane Enter., Inc.*, 884 S.W.2d 763, 769 (Tex.1994) (providing that a quitclaim deed passes the interest of the grantor in the property); *Garza v. Maddux*, 988 S.W.2d 280, 289 (Tex.App.-Corpus Christi 1999, pet. denied). A guardian does not have authority to convey the property of a ward without approval from the probate court. TEX. PROB.CODE ANN. § 820 (Vernon 2005).

The first time she attempted to sell Stevens' land, Davis asked the probate court for permission to sell, but her request to sell Lot 5A was denied. Davis never asked the probate court for permission to convey either Lot 3 or Lot 3A to appellee and his wife. Instead, she circumvented the probate court and purported to convey Lots 3 and 3A by quitclaim deeds. Both quitclaim deeds transferred "all the right, title, land, interest and claim" that Davis, as guardian, had. However, without the probate court's permission, Davis, as guardian, had no right, title, interest, or claim to either Lot 3 or Lot 3A. Thus, Davis conveyed nothing by her quitclaim deeds.

Because the record contains no evidence that appellee's claim to Lots 3 and 3A was under duly registered deeds, we hold the evidence is legally insufficient to support the trial court's finding that appellee adversely possessed Lots 3 and 3A. Appellants' sole issue is sustained.

The judgment of the trial court is reversed and judgment is rendered that appellee take nothing by his suit.