ACCEPTED
12-15-00169CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:26:39 PM
Pam Estes
CLERK

## NO. 12-15-00169-CV

_____

IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/30/2015 3:26:39 PM
PAM ESTES
Clerk

_____

## EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON AND JERRY J. ANDERSON (SMITH),

Appellants,

v.

## ROBERT LOUIS DURHAM AND FRANK L. ZELLERS, III

Appellees.

_____

On Appeal from the 173rd District Court
of Henderson County, Texas, the Honorable Dan Moore,
Presiding Judge

_____

## BRIEF OF APPELLEE
## ROBERT LOUIS DURHAM

_____

JOHN J. COPE
State Bar No. 00785784
COPE LAW FIRM
9284 Huntington Square, Suite 100
North Richland Hills, Texas 76182
Telephone: (817) 498-2300
Fax: (817) 581-1500
ATTORNEY FOR ROBERT LOUIS
DURHAM

## ORAL ARGUMENT NOT REQUESTED

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Contents | i |
| Table of Authorities | iii |
| Record References | vii |
| Statement of the Case | 1-3 |
| Statement Regarding Oral Argument | 3 |

Argument and Authorities to all Reply Points

Reply Point Number 1 - Fact questions did not preclude the summary judgment. — 4, 10

  A. Fact questions did not exist regarding the Warranty Deed from B. A. Anderson and his wife, Martha, to T.B. Wofford and Bush Wofford dated May 11, 1932 (the "1932 Deed"). — 4, 10

    1. Technical attacks on the 1932 Deed are time-barred. — 10-11

    2. Even if not time-barred, Appellants failed to overcome presumptions in favor of the validity of the 1932 Deed. — 12-15

  B. Appellants failed to present evidence that raised a fact issue on the merits regarding Durham's chain of title. — 4, 15

    1. Appellants failed to present evidence of Durham's title or claim of title to any tract. — 15-16

    2. Appellants failed to describe their own source(s) of title to any of Mr. Durham's property and thus have no evidence of an existing justiciable controversy as to the rights and status as between Appellants and — 16

Durham.

C. Appellants failed to present evidence to address the elements of the mandatory trespass to try title action.  5, 17

  1. Appellants' case is a trespass to try title action.  17

  2. Appellants have not produced required evidence of their chain of title originating with the sovereign.  17-25

D. Appellants failed to present evidence of standing to bring the lawsuit.  5, 25-27

Reply Point Number 2 - The trial court did not err by striking portions of Appellants' evidence.  5, 27

A. The trial court's ruling on evidentiary objections will be upheld absent such an extreme abuse of discretion that (1) there is no legitimate basis for the ruling and (2) the error probably caused the rendition of an improper judgment.  5, 27-28

B. Affidavit of Joe Cofer.  5, 29

C. Affidavits of Carrie Scott, Evance Anderson, Earl Anderson, Sharon Anderson, and Jerry Anderson.  5, 29-31

Statement of Facts  6-7

Summary of the Argument  8-9

Arguments and Authorities  10

Prayer  31

Certificate of Service  33

Certificate of Compliance  33

# TABLE OF AUTHORITIES

**Cases**          **Page**

*Fleming & Associates, L.L.P. v. Barton,* 425 S.W.3d 560, 572 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ............... 4

*Allday v. Drummond*, 280 S.W.2d 381, 384 (Tex. Civ. App.—Fort Worth 1955, writ ref'd n.r.e.) ............... 10, 11

*Spivy v. March,* 151 S.W. 1037 (Tex. 1912) ............... 10, 11

*Stephens Cnty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261-62 (Tex. 1974) ............... 12, 14

*Texas Land & Mortgage Co. v. Cohen,* 138 Tex. 464, 159 S.W.2d 859, 863 (1942) ............... 12

*Sorsby v. State,* 624 S.W.2d 227, 234 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). ............... 12

*Bell v. Sharif-Munir-Davidson Dev. Corp.,* 738 S.W.2d 326, 330 (Tex.App.--Dallas 1987), writ denied (Mar. 2, 1988) ............... 13, 14

*Morris v. Wells Fargo Bank, N.A.,* 334 S.W.3d 838, 843 (Tex.App.—Dallas 2011, no pet.) ............... 13

*Stout v. Oliveira,* 153 S.W.2d 590, 597 (Tex. App.-El Paso 1941, writ ref'd w.o.m.) ............... 13

*Martin v. Martin, Martin & Richards, Inc.,* 12 S.W.3d 120, 125 (Tex.App.—Fort Worth 1999, no writ) ............... 14

*Burgess v. Hatton*, 209 S.W.2d 999, 1002 (Tex.Civ.App.--Beaumont 1948, writ refused) ............... 14

*Lindsay v. Texas Iron & Steel Co.*, 9 S.W.2d 287, 288 (Tex. Civ. App. 1928, writ refused Jan. 30, 1929) ............... 14

*Austin Lake Estates Recreation Club, Inc. v. Gilliam,* 493 S.W.2d ............... 14-15

343, 347 (Tex.Civ.App.—Austin 1973, writ refused n.r.e.)

*Wells v. Timms,* 275 S.W. 468, 470 (Tex.Civ.App.—Fort Worth 1925, writ dismissed) ... 15

*Red River Nat. Bank in Clarksville v. Latimer*, 110 S.W.2d 232, 238 (Tex. Civ. App. 1937) ... 15

*Walker v.* Haley, 236 S.W. 544, 545 (Tex.Civ.App.—Texarkana 1921, no writ) ... 15

*City of Austin v. Whittington,* 385 S.W.3d 28, 33 (Tex.App.—Austin 2007, no pet.) ... 16

*Gipson-Jenks v. Gipson,* No. 14-13-00967-CV, 2015 WL 3424714, at *4 (Tex.App.-Houston [14th Dist.] May 28, 2015, no pet. h.). ... 17

*Wilhoite v. Sims,* 401 S.W.3d 752, 760 (Tex.App.–Dallas 2013, no pet.) ... 17

*Johnson v. McClintock,* 202 S.W.3d 821, 823 (Tex.App.—Corpus Christi 2006, no pet.) ... 20

*Diversified, Inc. v. Hall,* 23 S.W.3d 403 (Tex.App.—Houston [1st Dist.] 2000, pet. denied) ... 20

*Yzaguirre v. Gonzalez,* 1998 WL 251755 (Tex.App.—San Antonio 1998, no pet.) ... 20

*Wilson v. Beck, 286 S.W. 315, 320 (Tex.Civ.App.--Dallas 1926, writ refused Nov. 3, 1926)* ... 20

*City of Mission v. Popplewell*, 294 S.W.2d 712, 717 (Tex. 1956) ... 25

*Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.App.—Corpus Christi 1978, no writ) ... 25

*Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.--Texarkana 2010, no pet.) ... 25

*Neeley v. West Orange-Cove Consol. Ind. Sch. Dist.,* 176 S.W.3d 746, 774 (Tex. 2005)     25

*Aransas Properties, Inc. v. Brashear,* 410 S.W.2d 934, 941 (Tex.Civ.App.-Corpus Christi 1967, writ ref'd n.r.e.)     25

*Heckman v. Williamson County,* 369, S.W.3d 137, 154 (Tex. 2012)     26

*Wassmer v. Hopper*, 463 S.W.3d 513, 528 (Tex. App. 2014)     26

*Tex. Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993)     26

*Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995)     26

*Noell v. Air Park Homeowners Ass'n, Inc.,* 246 S.W.3d 827, 832 (Tex. App. 2008)     26

*City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011)     27

*Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)     27, 31

*City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995)     28

*State v. Malone Serv. Co.,* 829 S.W.2d 763, 767 (Tex.1992)     28

*State Bar of Texas v. Evans,* 774 S.W.2d 656, 658 n. 5 (Tex.1989)     28

*Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989)     28

*Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008)     29, 30

*Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no writ)     29

*Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996).     29

*Valenzuela v. State & County Mut. Fire Ins. Co*., 317 S.W.3d 550, 552 (Tex.App.—Houston [14th Dist.] 2010, no pet.)    30

*Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)    30

*University of Texas M.D. Anderson Cancer Center v. King,* 417 S.W.3d 1, 10 (Tex.App.—Houston [14th Dist. 2013] 2013, no pet.)    30

*Gorrell v. Tide Prod., Inc.,* 532 S.W.2d 390, 395 (Tex.Civ.App.—Amarillo 1975, no writ)    30-31

**Statutes and Rules**

**Texas Rule of Appellate Procedure**

38.1(f)    6

44.1    28, 31

**Texas Civil Practice & Remedies Code**

§16.033(8)    10

§16.033    10

**Texas Rules of Civil Procedure**

166a(c)    29, 30

166a(f)    30

**Texas Rules of Evidence**

Rule 403            28, 30

Rule 802            30

Rule 805            30

## **RECORD REFERENCES**

References to the Clerk's Record will be designated page number, *e.g.*, "CR 12."

## STATEMENT OF THE CASE

Appellee disagrees with Appellants' procedural history of the case because of omissions and inaccurate characterizations. Plaintiffs-Appellants Earl Anderson, Carrie Bell Scott, Sharon Anderson, Evance Anderson, Bill Burton, Willie Mae Anderson, and Jerry J. Anderson (Smith) ("Appellants") claim in their June 20, 2012 Original Petition that an ancestor named Barrel A. Anderson ("Anderson") owned a tract of land in Henderson County at the time of his death in 1940, presume that Appellants subsequently acquired title, speculate that Defendant-Appellee Robert Louis Durham ("Durham") "may" have an adverse claim to the same tract, and seek a declaratory judgment validating their undocumented claims to title. [CR 1-3.]  Durham filed an Original Answer on July 17, 2012; however, the lawsuit languished without prosecution for two years. On September 17, 2014, Durham substituted counsel and filed a First Motion for Continuance to which Appellants agreed, thereby passing a bench trial setting for October 20, 2014. [CR 4, 9, 14.]  Durham filed an amended answer and counterclaim on October 6, 2014. [CR 23.]  Durham filed a motion for no-evidence summary judgment on December 30, 2014. [CR 27.] Following a February 11, 2015 hearing on the motion, the trial court issued a letter to the parties dated February 25, 2015 that provided Appellants an opportunity to amend their petition by March 13, 2015 and allowing Durham to amend his summary judgment motion in response. [2nd Supp. CR 3.] On February

1

13, 2015, after the hearing but before the Court issued its letter, Appellants filed an amended petition that dropped original defendant Frank L. Zellers, III and added assertions briefly addressing Durham's adverse possession counterclaim and a 1932 deed. [CR 84.] Appellants filed a one-page Second Amended Petition for Declaratory Judgment and Answer to Counterclaim on March 12, 2015 [CR 94.] Durham then filed his Amended Motion for No Evidence and Traditional Summary Judgment on April 8, 2015. [CR 96.] In an apparent response to the motion and long after expiration of the Court-imposed deadline for Appellants to amend their petition, Appellants filed a second Plaintiffs' Second Amended Petition for Declaratory Judgment and Answer to Counterclaim on April 10, 2015 [CR 111.] On April 17, 2015, Appellants filed Plaintiffs' Motion for Continuance citing Appellants' issuance of interrogatories and requests for production in response to Durham's no-evidence motion. [CR 116.] Durham filed a Certificate of Written Discovery for responses provided to Appellants' discovery requests and a Response in Opposition to Plaintiffs' Motion for Continuance on April 24, 2015. [CR 129, 120.] A hearing on Plaintiffs' Motion for Continuance was set for May 2, 2015 immediately prior to the hearing on Durham's amended summary judgment motion. [CR 119.] On April 30, 2015, Appellants filed their Response to Defendant's amended motion for summary judgment. [CR 133.] On the next day, May 1, 2015, Durham filed a Motion to Strike Plaintiffs' Affidavit of Family

2

History and Intestate Heirs and his Second Motion to Strike Plaintiffs' Incompetent Summary Judgment Evidence. [CR 212, 232.] The trial court granted in part and denied in part Durham's motion to strike evidence on May 19, 2015. [CR 240.] The trial court expressly granted Durham's Amended Motion for No Evidence and Traditional Summary Judgment "in all respects" and ordered dismissal of Plaintiffs' claims on May 19, 2015. [Supp. CR 1.]

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has not requested oral argument. Appellee does not request oral argument.

**ISSUES PRESENTED**

Appellants' statement of the issues presented does not match the arguments urged in their brief. Appellants stated, but failed to argue, (1) that all named parties were necessary for final disposition of this case, (which was a curious issue to list since only Durham was named in Appellants' Second Amended Petition), (2) that Durham's summary judgment was not the proper vehicle to address Appellants' failure to state a cause of action for which relief could be granted, and (3) that the trial court denied due process of law by denying Appellants' April 17, 2015 Motion for Continuance.[1] Durham therefore restates Appellants' issues presented in order to track the arguments actually made in Appellants' brief.

Reply Point Number 1 - Did fact questions preclude summary judgment?

A. Did fact questions exist regarding the recorded Warranty Deed from B. A. Anderson and his wife, Martha, to T.B. Wofford and Bush Wofford dated May 11, 1932 (the "1932 Deed")?

B. Did fact questions exist regarding Durham's chain of title that precluded summary judgment in Durham's favor?

---

[1] Despite Appellants' assertion in their brief that Durham complained of a defect of parties, no such argument appears in the record and the trial court did not base its ruling on a defect of parties. Defect of parties cannot be argued on appeal. *Fleming & Associates, L.L.P. v. Barton*, 425 S.W.3d 560, 572 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[S]ummary judgments must stand or fall on the grounds raised therein; we cannot consider grounds raised for the first time on appeal as a basis for affirming or reversing the trial court's judgment.").

4

C. Were Appellants required to present evidence to address the elements of a trespass to try title action?

D. Did Appellants fail to present evidence of standing to bring the lawsuit?

<u>Reply Point Number 2</u> - Did the trial court err by striking portions of Appellants' evidence?

A. The trial court's ruling on evidentiary objections will be upheld absent such an extreme abuse of discretion that (1) there is no legitimate basis for the ruling and (2) the error probably caused the rendition of an improper judgment.

B. Affidavit of Joe Cofer.

C. Affidavits of Carrie Scott, Evance Anderson, Earl Anderson, Sharon Anderson, and Jerry Anderson.

## STATEMENT OF FACTS

Appellants' misstate several relevant facts, so Durham challenges factual statements made in Appellants' brief under Tex.R.App. P. 38.1(f) and provides the following alternative statement of facts. Appellants claim to be descendants of Barrel A. Anderson, who purportedly owned a tract of land in Henderson County at the time of his death in 1940 despite a previously unchallenged 1932 deed from Anderson to T.B. and Bush Wofford. [CR 112-113, 108, 143.] The facially valid 1932 Deed was properly executed and recorded in the Real Property Records of Henderson County, Texas in 1935. [CR 108, 143.] Appellants, who merely assert that they are direct descendants of Mr. Anderson, state without proof that Appellants acquired title subsequent to Anderson's death. [CR 112-114.] Appellants allege that Durham has by unstated means asserted an adverse claim to the tract formerly owned by Anderson. [CR 113.] In an apparent attempt to hide their failure to diligently prosecute their claims, Appellants misleadingly state that Appellants conducted discovery prior to August 2014, but Appellants issued no discovery beyond a request for disclosures until April 2015, well over two years after Appellants filed their petition. [CR 122, para. 15; 125, para 3.] Appellants also inaccurately state that they filed a response to Durham's original Motion for No Evidence Summary Judgment in which Appellants showed standing and objected to Appellee's use of summary judgment in contrast to special exceptions

6

in order to address Appellants failure to state a cause of action. [Appellants' Brief pp. 1-2.] No such procedural objection appears of record, and although Appellants did submit objected-to evidence in an effort to show that they are related to Anderson, such evidence failed to establish title or that an actual dispute existed with Durham regarding any given tract of land. [CR 32, 63, 87, 240.] Appellants' statement of facts cryptically refers, for the first time apparently, to an alleged deficiency in a deed to Frank L. Zellers and to some change of ownership involving Anderson County Land & Cattle Co., Foresight Investment, an unnamed individual, "proper agency for transfer to Frank L. Zellers," and "the brand or cattle in Henderson County, Texas." [Appellants' Brief p. 3.] Durham objects to, does not understand, and does not address these impermissible new allegations which were not presented to the trial court.

7

## SUMMARY OF THE ARGUMENT

The trial court did not err by granting the no evidence and traditional motions for summary judgment because Appellants failed to present evidence that Appellants or Durham held title (or any legitimate claim) to *any* given tract(s) of land. Appellants submitted to the trial court, without explanation, a number of conveyance instruments for large tracts of land that relied on extensive metes and bounds legal descriptions from various surveys. The grantors and grantees did not match up to form a sequential chain of title and the legal descriptions did not match up from one deed to another, leaving the trial court no choice but to find that Appellants had not satisfied the threshold requirement of a trespass to try title suit. In addition, Appellants were procedurally barred from attacking the 80 year old deed by which Appellants' purported source of title, B.A. Anderson, conveyed title to a third party, precluding Appellants' attempt to belatedly invalidate the ancient deed and claim inherited title. Finally, the trial court was well within its discretion in striking portions of Appellants' evidence because Appellants' affidavits, which attempted to reconstruct family history and property ownership, failed to manifest the source of the affiant's personal knowledge, contained inadmissible hearsay, unsupported speculation, factual conclusions, were not "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted," and because any possible probative value of the

8

infirm evidence would be substantially outweighed by the danger of unfair prejudice. The trial court was further within its discretion to strike evidence objected to as inadmissible legal conclusions and as violations of the best evidence rule.

## ARGUMENTS & AUTHORITIES

Appellants argue that various fact questions precluded summary judgment and that the trial court should be reversed for striking portions of Appellants' evidence. Durham explains below that no fact questions existed for both procedural and substantive reasons, and that the trial court had numerous legitimate grounds to strike portions of Appellants' evidence.

**Fact questions did not preclude the summary judgment.**

**A. Fact questions did not exist regarding the Warranty Deed from B. A. Anderson and his wife, Martha, to T.B. Wofford and Bush Wofford dated May 11, 1932 (the "1932 Deed").**

**1. Technical attacks on the 1932 Deed are time-barred.** Appellants allege irregularities in the execution and acknowledgement of the 1932 Deed. [CR 85, Appellants' Brief p. 5, para. 3] While Appellants' allegations are unsound even if they had been timely, complaints of technical defects in the acknowledgement of the 1932 Deed are time-barred under TEX. CIV. PRAC. & REM. CODE §16.033(8). *See*, *Allday v. Drummond*, 280 S.W.2d 381, 384 (Tex. Civ. App.—Fort Worth 1955, writ ref'd n.r.e.); TEX. CIV. PRAC. & REM. CODE §16.033 (barring actions against specified technical defects in instruments conveying real property after two years from the day the instrument was filed for record). Appellants mistakenly cite *Spivy v. March,* 151 S.W. 1037 (Tex. 1912) for the

principle that "without a properly executed deed, title does not pass under Texas law," but the holding of *Spivy* actually refuses to allow an attack on execution of a 50-year old deed. *Spivy* addresses a challenge brought under a formerly applicable statute that established certain standards for acknowledgments in order to protect wives from coercion. The court ruled that challenged instrument must be construed liberally and gave weight to the historic acceptance of the deed by the parties, explaining that ***"we are firmly convinced by authority and sound reasoning that under such conditions a court should construe the language as Mrs. Hensley, [the grantor whose signature was challenged], and her heirs have construed it by their inaction for a half century."*** *Spivy* at 1039-40. The court went on to emphasize the injustice of allowing such a remote attack by those not privy to the challenged instrument; "We have in this case … a stranger setting up a defect which the vendor refused to assert. ***The injustice and unreasonable character of the proposition forbids that this court should approve it, [and no precedent compels otherwise].*** *Spivy* at 1040. If the 1932 deed were sincerely thought to be invalid, then the Appellants should not have waited 80 years to attack it. *Allday*, 280 S.W.2d at 384 ("We agree with the Amarillo court that the intent of the Legislature is to quiet title to uncertainties concerning land titles.").

**2. Even if not time-barred, Appellants failed to overcome presumptions in favor of the validity of the 1932 Deed.** Appellants have no summary judgment evidence supporting allegations that the 1932 Deed is "irregular" on its face. The 1932 Deed plainly states the parties, property, consideration, and effect of the conveyance. A prima facie case of delivery, acceptance, and the accompanying presumption that the grantor intended to convey the land according to the terms of the deed is established when it is shown that the deed has been filed for record. *Stephens Cnty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261-62 (Tex. 1974); *Texas Land & Mortgage Co. v. Cohen,* 138 Tex. 464, 159 S.W.2d 859, 863 (1942); *Sorsby v. State,* 624 S.W.2d 227, 234 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Appellants have no evidence (1) that "[s]aid deed has been altered" by "several strikes through undecipherable sentences under the section for approval by a wife" or of (2) an alleged lack of consideration. The challenged acknowledgment of Martha Anderson states "Before me, the undersigned authority a Notary Public in and for Henderson County, Texas, on this day personally appeared Martha Anderson, wife of B.A. Anderson, known to me to be the person whose name is subscribed to the foregoing instrument, having been examined by me privily and apart from her husband, and having the same by me fully explained to her, she, the said Martha Anderson, acknowledged such instrument to me to be her act and deed, and she declared that she had willingly signed the same for the

12

purposes and consideration therein expressed and that she did not wish to retract it." [CR 108, 143.] The acknowledgment is conclusive evidence of the facts recited. *Bell v. Sharif-Munir-Davidson Dev. Corp.,* 738 S.W.2d 326, 330 (Tex.App.--Dallas 1987), writ denied (Mar. 2, 1988); *Morris v. Wells Fargo Bank, N.A.,* 334 S.W.3d 838, 843 (Tex.App.—Dallas 2011, no pet.). The law relevant to the challenged acknowledgment has been well explained by the Dallas Court of Appeals:

> The law is settled that a certificate of acknowledgment is prima facie evidence that [the signatory] appeared before the notary and executed the deed in question for the purposes and consideration therein expressed.…The rationale behind this rule was stated in *Stout*: "The reason is obvious, because, if the rule were otherwise, titles would be insecure and ruinous consequences would ensue from the doubt and uncertainty with which titles would be clouded." [*Stout v. Oliveira,* 153 S.W.2d 590, 597 (Tex. App.-El Paso 1941, writ ref'd w.o.m.)]. Under any other rule, the title to land would lose, in a great measure, the security which the registration laws were designed to insure; the stability of title would often

13

depend on the memory and integrity of those interested in nullifying it and the door to fraud and perjury would thereby be opened wide."

*Bell,* 738 S.W.2d at 330. Appellants have not argued, much less supported, any legal reason that the Court should not follow the law as explained in *Swenson* and *Bell.*

Appellants attack the legal sufficiency of stated consideration consisting of $10.00 cash and the further consideration of the cancellation and delivery of eight notes signed by B.A. Anderson and payable to George M. Wofford or order. [CR 108.] Appellants admit that grantee T.B. Wofford was an heir of the obligors on the cancelled notes and present no evidence showing that the notes were not, in fact, cancelled. [CR 139.] Moreover, the 1932 deed asserts independently sufficient monetary consideration. [CR 108.]

The court is not charged with authority to evaluate the adequacy of stated consideration. *Martin v. Martin, Martin & Richards, Inc.,* 12 S.W.3d 120, 125 (Tex.App.—Fort Worth 1999, no writ). *Burgess v. Hatton*, 209 S.W.2d 999, 1002 (Tex.Civ.App.--Beaumont 1948, writ refused) (Failure of consideration is not grounds for avoidance of an executed deed absent fraud or undue influence); *Lindsay v. Texas Iron & Steel Co.*, 9 S.W.2d 287, 288 (Tex. Civ. App. 1928, writ refused Jan. 30, 1929) (Nominal consideration will support a deed); *Austin Lake*

14

*Estates Recreation Club, Inc. v. Gilliam,* 493 S.W.2d 343, 347 (Tex.Civ.App.—Austin 1973, writ refused n.r.e.) (Even "improvident" stated consideration will support a deed absent fraud, surprise, or undue influence); *Wells v. Timms,* 275 S.W. 468, 470 (Tex.Civ.App.—Fort Worth 1925, writ dismissed) (Gain or loss to a party is not required if a party foregoes an advantage, benefit, or right); *Red River Nat. Bank in Clarksville v. Latimer*, 110 S.W.2d 232, 238 (Tex. Civ. App. 1937) (cancellation of debt is sufficient consideration).

**B. Fact questions did not exist regarding Durham's chain of title because Appellants failed to present evidence of title to any tract to which Durham asserted a claim.**

**1. Appellants failed to present evidence of Durham's title or claim of title to any tract.** Appellants have not provided evidence of the property that is allegedly claimed by Durham. Durham's alleged deed is not part of the record for consideration by this Court. Even apart from an actual deed, Appellants have failed to describe any land that is burdened by competing claims of Appellants and Durham. S*ee Walker v.* Haley, 236 S.W. 544, 545 (Tex.Civ.App.—Texarkana 1921, no writ) (unsupported assertion of title and allegations of competing claim are insufficient to support trespass to try title suit). The burden was on Appellants to show that Durham asserted a claim constituting a cloud on title which they were

15

entitled to have removed. Appellants have not met their burden of producing a scintilla of evidence that Durham claims property to which they hold an interest.

**2. Appellants failed to describe their own source(s) of title to any of Mr. Durham's property and thus have no evidence of an existing justiciable controversy as to the rights and status between Appellants and Durham.** *See City of Austin v. Whittington,* 385 S.W.3d 28, 33 (Tex.App.—Austin 2007, no pet.).   Appellants have no evidence that they own an interest in the claimed property. Any purported defect in the 1932 Deed has no relevance as to whether Appellants hold an interest in the same tract.   Even if we assume that the historically unchallenged deed is invalid and that Appellants are direct descendants of B.A. Anderson, Appellants have failed to provide evidence that they hold title to any property that once belonged to B.A. Anderson through the laws of intestacy or otherwise. As shown below, the extensive metes and bounds legal descriptions contained in each of the deeds offered by Appellants stretch over multiple pages and incorporate properties extracted from numerous surveys. [3rd Supp. CR 8-13] Neither the parties nor the legal descriptions match sequentially, and the deeds are not traced to the land described in the 1932 Deed.  Indeed, the land described in the deeds provided by Appellants included wholly separate properties from other surveys, and therefore could not share the common source with the 1932 Deed.

16

**C. Appellants failed to present evidence to address the elements of the mandatory trespass to try title action.**

**1. Appellants' case is a trespass to try title action.** "Any suit involving a dispute over the title to land is a trespass-to-try-title action, whatever its form and regardless of whether legal or equitable relief is sought." *Gipson-Jenks v. Gipson,* No. 14-13-00967-CV, 2015 WL 3424714, at *4 (Tex.App.—Houston [14th District], May 28, 2015, no pet. h.). "To prevail in a trespass to try title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Wilhoite v. Sims,* 401 S.W.3d 752, 760 (Tex.App.–Dallas 2013, no pet.). Appellants failed to show that Appellants and Durham claimed title from a common source, by a consecutive chain of transfers from the sovereign, by limitations title, or by possession. *Id.*

**2. Appellants have not produced required evidence of their chain of title originating with the sovereign.** There is no competent summary judgment evidence supporting Appellants' assertion that they acquired interests in the property previously owned by B.A. Anderson and Martha Anderson through inheritance or by any other means.

17

1. No competent evidence establishes that the Andersons owned the property described in the 1932 Deed at the time of their deaths.

2. There is no competent evidence that the Anderson's died intestate.

3. No competent evidence identifies the universe of Andersons' heirs at law at the time of the Andersons' respective deaths.

In addition to Appellants' failure to prove inherited title through B.A. Anderson, Appellants offered a number of instruments that failed to link the property described in the 1932 Deed with either Appellants or Durham, leaving them without evidence of their own claim to the property described in the 1932 Deed or a competing claim that would have justified dragging Durham into this case. The extensive metes and bounds legal descriptions contained in each of the deeds offered by Appellants stretch over multiple pages and incorporate properties extracted from numerous surveys. The legal descriptions do not match the land described in the 1932 Deed. Moreover, the land described in the deeds provided by Appellants included wholly separate properties from other surveys, and could not share the common source with the 1932 Deed.

The relevant documents in the proposed chain of title offered by Appellants are briefly discussed below in reverse chronological order.

1. **Zellars Deed** [CR 175] - The Zellars Deed is a warranty deed from Rick Justiss to Frank L. Zellars, III, dated September 6, 1995 and recorded on the

18

same day, that includes property beyond the scope of the 1932 deed and does not describe any property with the specific calls, distances or any description similar to that of the legal description in the 1932 Deed.[2] The legal description is **17 pages of metes and bounds** calls encompassing approximately **3,430 acres of land** out of **12 surveys** -- the James Duncan Survey, part of Jas. Parmer Survey, part of the Mary Stewart Survey, part of the P.C. Langham Survey, part of the Jesse Cole Survey, all of the Jos. S. Johnston Survey, part of the J.C. lane Survey, part of the William H. Wyatt Survey, part of the James K. Brown Survey, part of the Armstead Eans Survey, part of the Jno [sic] C. Trannell Survey, and all of the AnLaCo, Inc Survey and being part of those tracts described in a Deed of Trust from AnLaCo Inc. to George W. Cunningham dated December 2, 1973 and recorded in Volume 96, Page 773 of the Deed of Trust Records of Henderson County.

2. **Tom Wofford Quit-Claim Deed** [CR 173.] - Quit-claim deed from Tom B. Wofford to Ivy Lee Woodward and OT Woodward dated December [blank] 1959 and recorded February 9, 1960 that includes property beyond the scope of the 1932 deed and does not describe any property with the specific calls, distances or any description similar to that of the legal description in the

---

[2] Frank Zellars was originally named as a defendant but was dropped by Appellants' First Amended Petition. [CR 83].

19

1932 Deed. The deed purports only to convey "all my right, title and interest in and to" the land described. The legal description summarily states the deed covers **659 acres extracted from 3 surveys**; 94 acres of land on the P.C. Langham Survey, 240 acres on the Jesse Cole Survey, 325 acres on the Jas. K. Brown Survey, being the same three tracts described in the deed between Jule Wofford Mayfield, et vir., et al to I. L. Woodward and O.T. Woodward, dated December 4, 1939, recorded in Vol. 257 page 433 of the Deed Records of Henderson County, Texas. Appellants do not present the Mayfield Deed, precluding a detailed examination of the property. It is clear, however, that the Tom Wofford Quit-Claim Deed includes property beyond the scope of the 1932 deed and does not provide evidence that the subject property shares the specific calls, distances or any description of the 1932 Deed. **In any case, a quit-claim deed is not a vesting deed and will not support title (or color of title).** *Johnson v. McClintock,* **202 S.W.3d 821, 823 (Tex.App.—Corpus Christi 2006, no pet.);** *Diversified, Inc. v. Hall,* **23 S.W.3d 403 (Tex.App.—Houston [1st Dist.] 2000, pet. denied);** *Yzaguirre v. Gonzalez,* **1998 WL 251755 (Tex.App.—San Antonio 1998, no pet.);** *Wilson v. Beck,* **286 S.W. 315, 320 (Tex.Civ.App.--Dallas 1926, writ refused Nov. 3, 1926) ("The commonly accepted meaning of the word 'deed' is that it is an instrument in writing, duly executed and delivered,**

20

*conveying real estate as distinguished from a mere quitclaim.").*

3. **Woodward Deed** [CR 165.] – Warranty deed from Ivy Lee Woodward and wife, Augustine B. Woodward and O.T. Woodward and wife, Ethel J. Woodward to Anderson County Land & Cattle Co. dated December 23, 1959 and recorded February 8, 1960 that includes property beyond the scope of the 1932 deed and does not describe any property with the specific calls, distances or any description similar to that of the legal description in the 1932 Deed. The legal description is **5 pages of metes and bounds calls** identifying **11 separate tracts of land encompassing 1,310.76 acres of land out of 5 surveys**, including parts of the J.C. Lane Survey, P.C. Langham Survey, William Wyatt Survey, Jesse Cole Survey, and Jas K. Brown Survey.

4. **Partition Deed** [CR 152.] – Irrelevant partition deed of mineral rights that does not relate to surface rights.

5. **Wofford Family Deed** [CR 145.] – Warranty deed from Bush Wofford, W.M. Wofford, George M. Wofford, Jr., Willie Wofford, Salome Taylor, Jack Hedrick Taylor, Lucy Wofford Jamison, Fred Jamison, Ethel Wofford, Jule Wofford Mayfield, John Mayfield, Hilda Wofford Bigger, Morton Bigger, Arabella Wofford to I.L. Woodward and O.T. Woodward, dated December 4, 1939 and recorded December 3, 1941 that includes property

21

beyond the scope of the 1932 deed and does not describe any property with the specific calls, distances or any description similar to that of the legal description in the 1932 Deed. The legal description contains **2 pages of metes and bounds calls** identifying **3 tracts of land** extracted from **3 surveys**; the P.C. Langham Survey, Jesse Cole Survey, and Jas K. Brown Survey.

6. **1932 Deed** [CR 143.] – Warranty deed from B.A. Anderson and wife, Martha Anderson, to T.B. Wofford and Bush Wofford dated May 11, 1932 and recorded March 6, 1935. The legal description is a brief metes and bounds description of a rectangular tract as **part of the J.K. Brown Survey**. It matches the legal description of the 1917 Deed below.

7. **1917 Deed** [CR 144.] – Warranty deed from J.B. Wofford and Geo M. Wofford to B.A. Anderson dated November 4, 1917 and recorded April 1, 1930. The legal description is a brief metes and bounds description of a rectangular tract as **part of the J.K. Brown Survey**.

8. ***The following chart summarizes for the court the failure of Appellants' evidence to identify the property described in the 1932 Deed with Appellants or with Durham.***

| Record | Grantor(s) | Grantee(s) | Instrument | Property |
|---|---|---|---|---|
| **[CR 175.]** | Rick Justiss | Frank L. Zellars, III | Warranty Deed dated September 6, 1995 | **17 pages of metes and bounds** calls encompassing approximately |

22

| | | | | |
|---|---|---|---|---|
| | | | | **3,430 acres of land** out of **12 surveys** |
| **[CR 173.]** | Tom B. Wofford | Ivy Lee Woodward and OT Woodward | **Quit-Claim Deed dated December 1959** | **659 acres extracted from 3 surveys** |
| **[CR 165.]** | Ivy Lee Woodward and wife, Augustine B. Woodward O.T. and Woodward and wife, Ethel J. Woodward | Anderson County Land & Cattle Co. | Warranty Deed dated December 23, 1959 | **5 pages of metes and bounds calls** identifying **11 separate tracts of land encompassing 1,310.76 acres of land out of 5 surveys** |
| **[CR 152.]** | | | **Partition Deed** | Irrelevant partition deed of mineral rights that does not relate to surface rights. |
| **[CR 145.]** | Bush Wofford, W.M. Wofford, George M. Wofford, Jr., Willie Wofford, Salome Taylor, Jack Hedrick Taylor, Lucy Wofford Jamison, Fred Jamison, | I.L. Woodward and O.T. Woodward | Warranty deed dated December 4, 1939 | **2 pages of metes and bounds calls** identifying **3 tracts of land** extracted from **3 surveys** |

| | | | | |
|---|---|---|---|---|
| | Ethel Wofford, Jule Wofford Mayfield, John Mayfield, Hilda Wofford Bigger, Morton Bigger, Arabella Wofford | | | |
| **[CR 143.]** | B.A. Anderson and wife, Martha Anderson | T.B. Wofford and Bush Wofford | Warranty deed dated May 11, 1932 | brief metes and bounds description of a rectangular tract as **part of the J.K. Brown Survey** |
| **[CR 144.]** | J.B. Wofford and Geo M. Wofford | B.A. Anderson | Warranty deed dated November 4, 1917 | brief metes and bounds description of a rectangular tract as **part of the J.K. Brown Survey** |

Appellants have not provided evidence of a chain of title as required for a trespass to try title action. Appellants' oral claims and collection of mismatched deeds do not form a consecutive chain of conveyances from the sovereign to Appellants, much less identify property to which Durham allegedly holds a competing claim. An interest in real property, as a general rule, can only be

24

established by a valid written instrument and not by parol evidence. *City of Mission v. Popplewell*, 294 S.W.2d 712, 717 (Tex. 1956) ("Parol evidence in the form of opinions and conclusions without documentary basis is inadmissible to establish such title, and even if admitted without objection is of no probative force."). Similarly, it is not sufficient to simply claim that one acquired property. *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.App.—Corpus Christi 1978, no writ) ("The only evidence plaintiff offered to prove that he was the fee owner of the disputed land was his own testimony that the land had been given to him by his father. The plaintiff identified a deed which he testified his father had delivered to him. However, the deed was not entered or read into evidence. An interest in real property, as a general rule, can only be established by a valid written instrument and not by parol evidence.").

**D. Appellants failed to present evidence of standing to bring the lawsuit.**

Standing requires: (1) that Appellants prove an interest in the subject property, and (2) that an actual controversy exists in connection with that interest. *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.--Texarkana 2010, no pet.) ("To maintain an action of trespass to try title, the person bringing the suit must have title to the land sought to be recovered."); *Neeley v. West Orange-Cove Consol. Ind. Sch. Dist.,* 176 S.W.3d 746, 774 (Tex. 2005); *Aransas Properties, Inc. v. Brashear,* 410 S.W.2d 934, 941 (Tex.Civ.App.-Corpus Christi 1967, writ ref'd n.r.e.) (failure to

25

show present title to previously conveyed subject property precluded claimant's challenge to instrument relating to conveyed tract); *Heckman v. Williamson County,* 369, S.W.3d 137, 154 (Tex. 2012) ("In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court.").[3] A third element of standing addressed in *Heckman*, that the relief sought will address the harm presented, is moot given resolution of the first two elements. The Texas Supreme Court has stated:

> Standing is a constitutional prerequisite to suit…The separation of powers doctrine precludes courts from issuing advisory opinions on abstract questions of law that do not bind actual parties….[T]he open courts provision guaranties access to the courts, but the purpose is to make whole those who have suffered actual injury,

[3] Note: Even if characterized as a declaratory judgment action, the analysis of standing is substantively the same. *Wassmer v. Hopper*, 463 S.W.3d 513, 528 (Tex. App. 2014) ("The Texas Supreme Court has held the Declaratory Judgments Act to be 'merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions.' *Tex. Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993). A court's declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995); *Noell v. Air Park Homeowners Ass'n, Inc.,* 246 S.W.3d 827, 832 (Tex. App. 2008). 'To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute.' *Bonham State Bank,* 907 S.W.2d at 467; *Noell,* 246 S.W.3d at 832.").

not to provide a forum for general injuries or hypothetical complaints.

*City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011). The first prong of standing is similar to, but not as extensive as, the threshold requirement of a trespass to try title suit. Appellants have not shown that they hold interests in the tract of land formerly owned by B.A. Anderson or any other tract. The second prong has also not been satisfied, because Appellants have not shown that Durham asserts a conflicting claim to the same tract. Appellants thus failed to establish either of the two elements of standing to bring suit against Durham.

**The trial court did not err by striking portions of Appellants' evidence.**

**A.** The trial court's ruling on evidentiary objections will be upheld absent such an extreme abuse of discretion that (1) there is no legitimate basis for the ruling and (2) the error probably caused the rendition of an improper judgment. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Appellants' affidavit evidence was uniformly objected to on a number of grounds in the trial court. The trial court granted Durham's Motion to Strike in part and denied the motion in part. [CR 240-242.] The court's rulings were well justified and could not have contributed to rendition of an improper judgment.

Evidentiary rulings are "committed to the trial court's sound discretion." *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Alvarado,* 897 S.W.2d at 754. Trial courts may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Tex.R. Evid. 403; *State v. Malone Serv. Co.,* 829 S.W.2d 763, 767 (Tex.1992). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *See State Bar of Texas v. Evans,* 774 S.W.2d 656, 658 n. 5 (Tex.1989). Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1; *see also Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989).

*Id.*

**B. Affidavit of Joe Cofer.** The affidavit of Joe Cofer, which is relied upon by several affiants, is nothing more than a mass listing of 151 purported heirs of Bass A. Anderson and Martha Anderson [CR 195, 224]. Cofer affirmed only that "the information I give herein is correct and true to the best of my knowledge." [*Id.*] His lists of purported family relationships and "heirs" are inadmissible legal conclusions that reference no source of personal knowledge whatsoever. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (affiant's representation that "all statements contained herein are true and correct to the best of my personal knowledge and belief " held legally insufficient); *Rizkallah v. Conner,* 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no writ) (explaining legal and factual conclusions). Conclusory statements in affidavits are insufficient to raise a fact issue. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996). Durham also objected on grounds of hearsay and Texas Rule of Civil Procedure 166a(c). [CR 232-239].[4]

**C. Affidavits of Carrie Scott, Evance Anderson, Earl Anderson, Sharon Anderson, and Jerry Anderson.** The affidavits of Carrie Scott, Evance Anderson, Earl Anderson, Sharon Anderson, and Jerry Anderson [CR 198, 201, 204, 206, 209] are virtual duplicates of each other that assert an assortment of

---

[4] A similar affidavit of Carrie Scott that was submitted in connection with the first motion for summary judgment is likewise incompetent and is objected to in an abundance of caution for all reasons stated above.

factual and legal conclusions and purported facts relating to the life and practices of B.A. Anderson in the 19th and early 20th centuries. The affidavits uniformly fail to assert or manifest personal knowledge and do not provide testimony that "is clear, positive and direct, otherwise credible and fee from contradictions and inconsistencies, and could have been readily controverted" as required under Tex. R. Civ. P. 166a(c). Additional objections based on Rules of Evidence 802 (hearsay), 805 (hearsay within hearsay), and 403 (probative value substantially outweighed by unfair prejudice) were presented to the trial court for its consideration, as well as objections based on factual and legal conclusions. Durham objected in a separate motion to the affidavit of Earl Anderson for failure to show a basis for claimed personal knowledge [CR 212]. *Valenzuela v. State & County Mut. Fire Ins. Co.*, 317 S.W.3d 550, 552 (Tex.App.—Houston [14th Dist.] 2010, no pet.) (mere recitation that a summary judgment affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the personal knowledge). Additional objections were presented to the trial court to address Anderson's incompetent sources and failure to comply with Tex. R. Civ. P. 166a(f). *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *University of Texas M.D. Anderson Cancer Center v. King,* 417 S.W.3d 1, 10 (Tex.App.—Houston [14th Dist. 2013] 2013, no pet.); *Gorrell v. Tide Prod., Inc.,* 532 S.W.2d 390, 395 (Tex.Civ.App.—

Amarillo 1975, no writ) (affiant's statement of fact is no more than hearsay absent personal knowledge). Further written objections to specific statements were presented to the trial court for its consideration.

Durham's objections to Appellants' affidavits were specific and supported with appropriate case law and Rules of Civil Procedure and Evidence, providing the trial court with numerous legitimate bases to strike the evidence. [CR 212-239]. Moreover, Appellants' failure to link themselves to an interest in any given property or to show that Durham asserted a competing claim to such property demonstrated a lack of standing and merit to their lawsuit, and thereby eliminated the possibility that the trial court's rulings on the evidence "probably caused the rendition of an improper judgment." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d at 43; *Also see* Tex.R.App. P. 44.1.

## **PRAYER**

Appellants have no standing or substantive basis for this appeal. Durham respectfully requests that the Court affirm the rulings and judgment of the trial court.

31

Respectfully submitted,


By: /s/ John J. Cope
       John J. Cope
       State Bar No. 00785784
COPE LAW FIRM
9284 Huntington Square, Suite 100
North Richland Hills, Texas 76182
Telephone: (817) 498-2300
Fax: (817) 581-1500

**ATTORNEY FOR ROBERT LOUIS
DURHAM**

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of September 2015, a true and correct copy of the foregoing document has been served via certified mail, return receipt requested on all counsel of record, addressed as follows:

Lana Johnson
P. O. Box 816325
Dallas, Texas 75381-6325
*Attorney for Appellants*

/s/ John J. Cope
John J. Cope

## CERTIFICATE OF COMPLIANCE

This is to certify that according to the Microsoft Word program, the word count for this document is 7,808.

/s/ John J. Cope
John J. Cope

33